274 So.2d 225 (1973)
THE FLORIDA BAR, Petitioner,
v.
AMERICAN LEGAL AND BUSINESS FORMS, INC., a Florida Corporation and George H. Burch, Respondents.
No. 42494.
Supreme Court of Florida.
February 28, 1973.
Leonard Rivkind, Miami Beach, Chairman, Unauthorized Practice of Law Committee of The Florida Bar and Richard C. McFarlain, Tallahassee, for The Florida Bar, petitioner.
George H. Burch, in pro. per., for respondents.
DEKLE, Justice.
This cause is before us on the amended petition[1] of The Florida Bar charging American Legal and Business Forms, Inc., a Florida corporation doing business in Miami, Florida, and its Secretary-Treasurer, George H. Burch, with the unauthorized practice of law. Respondent Burch is not a member of The Florida Bar and accordingly cannot practice law in this state. Of course the other respondent as a corporation cannot practice law.
Our jurisdiction to prohibit the unauthorized practice of law stems from organic law. Fla. Const. art. V, § 15 (1973), F.S.A. gives us: "exclusive jurisdiction to *226 regulate the admission of persons to the practice of law and the discipline of persons admitted." This constitutional authorization necessarily includes the power to prevent the unauthorized practice of law.[2]
In its amended petition, The Florida Bar alleged that respondents engaged in the unauthorized practice of law by selling legal forms outlining the judicial process for securing an uncontested dissolution of marriage under the new law, Fla. Stat. Ch. 61, and giving legal advice on the use of those forms. Specifically, the Bar stated:
"... Respondents sold a divorce kit to one Hyacinth Delores White and did complete the same by filling in the blank spaces provided for therein, for use in the Circuit Court of the Eleventh Judicial Circuit in and for Dade County, Florida, in Case No. 72-5571; that Respondents interviewed Mrs. White personally, and received the information necessary to complete the forms; that Respondents were paid the sum of $187.00; that Respondents filed the suit with the Clerk and arranged the publication thereof in a local newspaper... ."
and that:
"Respondent, George H. Burch, in his behalf and in behalf of the Respondent, American Legal and Business Forms, Inc., did give legal counsel and advice to one `Mrs. Ross' in a telephone conversation... ."
By court order we required respondents to show cause why they should not be held in contempt of this Court for violation of the Integration Rule, art. II, § 2, 32 F.S.A., which provides:
"No person shall engage in any way in the practice of law in this state unless such person is an active member of The Florida Bar in good standing except that a practicing attorney of another state, in good standing, who has professional business in a court of record of this state may, upon motion, be permitted to practice for the purpose of such business only, when it is made to appear that he has associated and appearing with him in such business an active member of The Florida Bar."
In their response thereto respondents admitted selling Mrs. White legal forms for dissolution of her marriage, but argued that such action does not constitute the practice of law; that they did not give legal advice to Mrs. Ross or to anyone else; that they have never represented themselves to be lawyers; that respondent George H. Burch is an authorized notary public; and that since March 24, 1972, respondents have not engaged in such sale of legal forms; have discontinued business and have no intention of resuming their business and former practices and have so notified The Florida Bar.
Upon a thorough consideration of the amended petition and the response, it appears undisputed that respondents sold to Mrs. White a group of legal forms which are commonly referred to as "package" forms. The key question for our consideration is whether the selling of such "package" forms constitutes the practice of law. Last year we said in The Florida Bar v. Teitelman, 261 So.2d 140 (Fla. 1972), which involved an attorney's use of legal forms pertaining to the transfer of real property: (p. 143)
"There is no doubt whatever that petitioner's [attorney's] use of the `package' forms, or any related forms of a legal nature, clearly constitutes the practice of law. The challenge of that fact by an attorney seems almost a reflection upon an understanding of the law and of professional ethics. The suggestion that it is merely a `scrivener's' task borders on the presumptuous. In the completion of legal forms it is what may be left out as *227 well as that included which can be a very serious consequence. The advices essential to the completion of such documents almost invariably place their completion in the realm of the practice of law."
We reaffirm this statement and hold that respondents, who are not licensed to practice law in this state, did engage in the unauthorized practice of law in selling these "package" forms describing the procedure for obtaining a dissolution of marriage.
The printing and sale of legal forms, with nothing more, has been a practice over the years as a convenience. It has been an aid to attorneys, although the sale was not limited to attorneys. Some forms and information regarding them are contained in legal texts. The printing and sale of copies of the state statutes on given subjects is of course a protected right. Forms are sometimes available from the courts, as in the probate of estates and in the filing of small claims, but legal advice on their preparation is not. We perceive no harm to the public (whose protection is the principal concern here), and perhaps a service, in having printed legal forms and copies of statutes available, PROVIDED they do not carry with them what purports to be instructions on how to fill out such forms or how they are to be used, for this would constitute legal advice and the unauthorized practice of law. We emphasized in Teitelman, supra, that it is in the filling out and use of such legal forms that legal advice is inextricably involved and that therein lies the danger of injury and damage to the public if not properly done in accordance with law. Such law changes from time to time regarding the subject matter of such forms, not only by the change of the statute on the subject but in court opinions. It therefore usually becomes a matter for one trained in the law to provide the safeguards inherent in the law then applicable to such forms.
It is a fallacy to look upon these documents and court pleadings as "mere forms", as if they were some kind of identification card. An incorrect assertion can result in perjury, libel or contempt; a warranty deed, misused for a quitclaim of limited interests, can result in substantial liability. Laymen's good faith efforts at what so often turn out to be inartfully drawn wills, have over the centuries caused untold litigation, needless expense and unjust results to those really intended to have the benefit of an estate.
Proceedings in court follow time-tested patterns and changing laws and rules; they are seldom a matter of "mere form". The matters to be weighed and considered in determining what rights are to be pursued do not usually appear in the written form of a pleading in court or in the choice of what form of document to use. A pleading, or adoption of a particular document to use, however seemingly "simple", has often involved extensive research and an evaluation of alternatives which were discarded as inadvisable. These choices are not reflected in a printed form in which an unsuspecting layman has, in an economical effort, placed his unwitting reliance, or in forms of pleadings to be filed in court. Law, like medicine, can result in unsuspected complications from "home remedies". Perhaps "an ounce of prevention is worth a pound of cure" here too.
We now proceed to the additional question of whether respondents engaged in the practice of law by Mr. Burch's telephone conversation with Mrs. Ross in which he advised her on a method for obtaining a dissolution of her marriage. In this regard, respondents concede that Mr. Burch so advised Mrs. Ross, but they argue that advising people on Florida's new dissolution of marriage law does not constitute the practice of law. Hardly. Advice of what the law is on a subject with intent that such advice is to be used is the most basic form of the practice of law.
*228 The test for determining whether a particular act constitutes the giving of legal advice and accordingly the practice of law was succinctly stated in State ex rel. The Florida Bar v. Sperry[3] when Mr. Justice O'Connell said: (140 So.2d p. 591) Fla.
"It is generally understood that the performance of services in representing another before the courts is the practice of law. But the practice of law also includes the giving of legal advice and counsel to others as to their rights and obligations under the law... .
"We think that in determining whether the giving of advice and counsel and the performance of services in legal matters for compensation constitute the practice of law it is safe to follow the rule that if the giving of such advice and performance of such services affect important rights of a person under the law, and if the reasonable protection of the rights and property of those advised and served requires that the persons giving such advice possess legal skill and a knowledge of the law greater than that possessed by the average citizen, then the giving of such advice and the performance of such services by one for another as a course of conduct constitute the practice of law."
Applying this rationale, we conclude that Mr. Burch's conduct in advising Mrs. Ross on how to secure a dissolution of her marriage involves the giving of legal advice and thereby clearly constitutes the practice of law. Mr. Burch thereby violated Article II, § 2, of the Integration Rule of The Florida Bar, prohibiting the unauthorized practice of law.
Based upon these findings that respondents engaged in the unauthorized practice of law and coupled with the fact that respondents ceased their activities on March 25, 1972, and have no intent to resume their business, we withhold adjudication of contempt without prejudice to further proceedings by the Bar should any further activities constituting the unauthorized practice of law by respondents become known.
Respondents are hereby permanently restrained and enjoined from engaging in any manner in the unauthorized practice of law in this state, by their actions herein described or otherwise, under penalty of contempt.
It is so ordered.
CARLTON, C.J., and ROBERTS, ERVIN, ADKINS, BOYD and McCAIN, JJ., concur.
NOTES
[1] In a separate court order we denied without prejudice the original petition on the ground that it lacked allegations of an actual act or acts constituting the unauthorized practice of law. The amended petition under review here is a direct result of our earlier order.
[2] State ex rel. Florida Bar v. Sperry, 140 So.2d 587 (Fla. 1962), judgment vacated on other grounds 373 U.S. 379, 83 S.Ct. 1322, 10 L.Ed.2d 428 (1963).
[3] 140 So.2d 587 (Fla. 1962), judgment vacated on other grounds 373 U.S. 379, 83 S.Ct. 1322, 10 L.Ed.2d 428 (1963).