300 So.2d 683 (1974)
THE FLORIDA BAR, Petitioner,
v.
Joe L. STUPICA, D/B/a J. Lawrence Publications, Respondent.
No. 44130.
Supreme Court of Florida.
July 17, 1974.
Rehearing Denied September 25, 1974.
Leonard Rivkind, Chairman, Miami Beach, and Richard C. McFarlain, Asst. Executive Director of The Florida Bar, Tallahassee, for petitioner.
Joe L. Stupica, in pro. per.
ERVIN, Justice.
This is an unauthorized practice of law case in which Petitioner, The Florida Bar, seeks an injunction against the advertisement, publication and sale of a document entitled "Divorce Kit," by Respondent Joe L. Stupica, d/b/a J. Lawrence Publications, which is designed specifically to be used in no-fault dissolution of marriage proceedings brought under the State's new dissolution of marriage law, Ch. 61, F.S.
The essential facts in this matter are set forth in the report of a Referee who was appointed and directed by this Court to try questions of fact in these proceedings, make findings of fact and conclusions of law, and report the same with his recommendations to this Court in accordance with the applicable provisions of the Integration Rule. See Article XVI thereof.
The Referee in his report made the following factual findings:
"1. THAT JOE L. STUPICA is not a member of the Florida Bar.

*684 "2. THAT JOE L. STUPICA, d/b/a J. LAWRENCE PUBLICATIONS, publishes a document entitled DIVORCE KIT for Florida's New `No-Fault Divorce' Law, and that the said documents are published by the said J. LAWRENCE PUBLICATIONS, Post Office Box 791, Pompano Beach, Florida 33061.
"3. THAT the said JOE L. STUPICA, d/b/a J. LAWRENCE PUBLICATIONS, operates a mail-order business out of Broward County, Florida, which markets the above referred to DIVORCE KIT... .
"4. THAT the said JOE L. STUPICA, d/b/a J. LAWRENCE PUBLICATIONS, also makes available to persons making inquiries to him a description of the KIT, which contains references to the law relating to dissolution of marriages and the procedures which would generally be used by parties in a dissolution of marriage. The said document also contains a series of questions relating to the commencing of the dissolution of marriage proceeding. Further, the document, by way of question and answer, reaches a conclusion that the DIVORCE KIT is legal... .
"5. THAT the said JOE L. STUPICA, d/b/a J. LAWRENCE PUBLICATIONS, advertises the said DIVORCE KIT through Florida-based publications and that advertisements are placed through approximately 200 paper and other types of publications in Florida... ."
The Referee made the following conclusions of law:
"THAT in a dissolution of marriage proceeding, each party has various personal and property rights which must be protected. Said protection is secured by receiving advice and counsel concerning the dissolution of the marriage of the parties. This advice involves the giving of legal advice and constitutes the practice of law.
"THAT the giving of legal advice by a person not licensed to practice law violates the provisions of the Integration Rule of the Florida Bar.
"THAT the facts in this case are governed by the ruling of the Court in the case of Florida Bar. vs. American Legal [and] Business Forms, Inc. [Fla.], 274 So.2d 225, 1973.
"It is the finding of the Referee that the activities of JOE L. STUPICA, d/b/a J. LAWRENCE PUBLICATIONS, constitute the unauthorized practice of law, in that the said JOE L. STUPICA is engaged in the advising of another as to how to secure a dissolution of marriage by was [sic] of selling the above referred to DIVORCE KIT and in providing persons interested in seeking the said DIVORCE KIT with instructions and advice, which do constitute the practice of law.
"This matter involves a personal relationship in each and every instance between the customer and the Respondent concerning the dissolution of a marriage. It does not involve the sale of a `book' but an individual customer-supplier relationship between MR. STUPICA and the customer."
The Referee recommended that "the Respondent be permanently enjoined from the further unauthorized practice of law and that he be prohibited from the further advertising and sale of the Divorce Kit."
A copy of the "Divorce Kit" as an exhibit is attached to the report. It contains the following forms: Petition for dissolution of marriage; answer thereto; summons; sworn statement for constructive service; notice of petition for dissolution of marriage; motion for default; default; joint stipulations for motion for final hearing; motion for final hearing; order setting final hearing; and final judgment of dissolution of marriage.
In addition to the enumerated forms, several pages are conjoined giving explanatory *685 data concerning the proper use of the forms as well as specific information concerning Florida's dissolution of marriage laws.
For examples: Residency requirements of six months is stated to be necessary in order to "file divorce proceedings"; no final dissolution of marriage may be entered until at least 20 days have elapsed from the date of filing the petition for dissolution; judgment of dissolution results in the parties regaining single status and free to marry again; information upon how to get constructive service when the whereabouts of one's spouse is unknown; definitions are given of such terms as the petition for dissolution, petitioner, respondent, answer, uncontested action, default and enter of record; types of actions using the Divorce Kit are said to be three, namely, when the petitioner and respondent agree to get a divorce; do not agree to get a divorce, and when the residence of respondent is not known to petitioner and then follows instructions and advice as to the procedures to follow in using the forms in the three types of actions.
In addition to the foregoing information and advice, a page is devoted to the "final hearing." There is outlined the fact that the courts "may require documentary proof of residence" of petitioner. Examples of proof of residency are stated to be "a declaration of domicile, a deed to Florida property, a Florida driver's license, a Florida automobile registration, Florida voter registration, Florida homestead exemption, etc." Next it is stated proof of residence may be given by a witness with sample questions to be asked the witness, "Of your own knowledge, how long has the petitioner lived in Florida?" Next is set forth what is stated to consist of proof of reasonable diligence as to search and inquiry to be made by petitioner to discover the residence of the respondent. Sample questions are set forth, and finally there is set forth information concerning the proof to show that the marriage is irretrievably broken, with sample questions to be asked petitioner on that score.
The Respondent filed objections to the report. He contends that the "Divorce Kit" is merely a law book or pamphlet publication of legal forms with allowable explanatory data and instructions as to use conjoined. He contends the publication establishes no personal relationship of attorney and client between the purchaser of the kit and its publisher. Particularly, he relies on the holding in New York County Lawyers' Association v. Dacey, 28 A.D.2d 161, 283 N.Y.S.2d 984, reversed and dissenting opinion adopted, 21 N.Y.2d 694, 287 N.Y.S.2d 422, 234 N.E.2d 459. There it was ultimately held that Dacey's publication, "How to Avoid Probate," did not constitute the unlawful practice of law. The dissenting opinion by Mr. Justice Stephens, which was adopted by the New York Appellate Division, was to the effect that:
"... it could not be claimed that the publication of a legal text which purported to say what the law is amounts to legal practice, and that the mere fact that the principles or rules stated in the text may be accepted by a particular reader as a solution to his problem, does not affect the matter, and that the publication of a multitude of forms for all manner of legal situations is a commonplace activity and their use by the Bar and public is general, and that the conjoining of the text and the forms with advice as to how the forms should be filled out does not constitute the unlawful practice of law ..." (287 N.Y.S.2d at 423, 234 N.E.2d at 459.)
It was also stated in the Dacey holding that the order reviewed in restraining the publication of the book, "How to Avoid Probate," imposed prior restraints involving the obligation of examining and determining the nature of the printing and distributing of the subject material.
The Florida Supreme Court does not follow the rationale of the Dacey decision *686 and neither do certain other states. For example, compare Palmer v. Unauthorized Practice Committee of the State Bar of Texas et al. (Tex.Civ.App. 1969), 438 S.W.2d 374, wherein the Court said:
"The facts show that defendant had for some months prior to the filing of this action engaged in an advertising campaign in various newspapers in the State of Texas promoting the sale of `will forms' to the general public... .
* * * * * *
"Defendants contend that the advertising of a printed, blank form and the sale thereof cannot constitute the practice of law... .
* * * * * *
"Defendants seem to consider the commercial distribution of their will form as similar to the sale of lease and deed forms by a stationery store. This is an erroneous assumption. It has been held that preparation of legal instruments of all kinds and all advice to clients involve the practice of law... .
* * * * * *
"`The exercise of judgment in the proper drafting of legal instruments, or even the selecting of the proper form of instrument, necessarily affects important legal rights. The reasonable protection of those rights, as well as the property of those served, requires that the persons providing such services be licensed members of the legal profession.' Cape May County Bar Ass'n v. Ludlam, 45 N.J. 121, 211 A.2d 780, 782; Clark v. Reardon, 231 Mo. App. 666, 104 S.W.2d 407." (438 S.W.2d at 375, 376.)
It is our conclusion that the "Divorce Kit" taken as a whole specifically enters the field of legal counselling and advice concerning application of the dissolution of marriage law to the extent it amounts to the unauthorized practice of law. The advice given in the "Divorce Kit" as to use of the forms is quite comprehensive and specific. It parallels much of what an attorney would customarily advise his clients who seek dissolution of marriage.
We believe the rationale of our decision in The Florida Bar v. American Legal and Bus. Forms, Inc. (Fla. 1973), 274 So.2d 225, is applicable to the situation in this case. There we said:
"[2] The printing and sale of legal forms, with nothing more, has been a practice over the years as a convenience. It has been an aid to attorneys, although the sale was not limited to attorneys. Some forms and information regarding them are contained in legal texts. The printing and sale of copies of the state statutes on given subjects is of course a protected right. Forms are sometimes available from the courts, as in the probate of estates and in the filing of small claims, but legal advice on their preparation is not. We perceive no harm to the public (whose protection is the principal concern here), and perhaps a service, in having printed legal forms and copies of statutes available, PROVIDED they do not carry with them what purports to be instructions on how to fill out such forms or how they are to be used, for this would constitute legal advice and the unauthorized practice of law. We emphasized in Teitelman, supra, (The Florida Bar v. Teitelman, Fla., 261 So.2d 140) that it is in the filling out and use of such legal forms that legal advice is inextricably involved and that therein lies the danger of injury and damage to the public if not properly done in accordance with law. Such law changes from time to time regarding the subject matter of such forms, not only by the change of the statute on the subject but in court opinions. It therefore usually becomes a matter for one trained in the law to provide the safeguards inherent in the law then applicable to such forms.
"It is a fallacy to look upon these documents and court pleadings as `mere forms', as if they were some kind of identification card. An incorrect assertion *687 can result in perjury, libel or contempt; a warranty deed, misused for a quitclaim of limited interests, can result in substantial liability. Laymen's good faith efforts at what so often turn out to be inartfully drawn wills, have over the centuries cause untold litigation, needless expense and unjust results to those really intended to have the benefit of an estate.
"Proceedings in court follow time-tested patterns and changing laws and rules; they are seldom a matter of `mere form'. The matters to be weighed and considered in determining what rights are to be pursued do not usually appear in the written form of a pleading in court or in the choice of what form of document to use. A pleading, or adoption of a particular document to use, however seemingly `simple', has often involved extensive research and an evaluation of alternatives which were discarded as inadvisable. These choices are not reflected in a printed form in which an unsuspecting layman has, in an economical effort, placed his unwitting reliance, or in forms of pleadings to be filed in court. Law, like medicine, can result in unsuspected complications from `home remedies'. Perhaps `an ounce of prevention is worth a pound of cure' here too." (274 So.2d at 227.)
Insofar as the "Divorce Kit" includes explanations, instructions and advice as to the application and use of the forms the same reach proportions amounting to unauthorized practice. The forms standing alone do not involve unauthorized practice. However, the forms are coupled with direct legal instructions and advice as to their use or application in the field of dissolution of marriage law. We consider this to be legal counselling. The information in the "Kit" taken together as a whole focuses directly upon the practical processes of securing a no-fault dissolution of marriage and is direct legal advice. The "Kit" is not the usual law text. It is not a treatise on the ramifications of no-fault dissolution of marriage. Neither is it a legal forms book. Instead, it is calculated to be direct legal advice as to how to proceed to secure a dissolution of the marriage relation.
The `Kit" is distinguishable from the law texts discussing legal subjects, including statutes with interpretative annotations, and is also distinguishable from the generality of legal forms books in that it centers upon specific advice through forms and instructions on the practical aspects of how to obtain a dissolution of marriage. It assumes an in lieu role in place and instead of an attorney at law.
The dangers and damage that may reasonably be expected to ensue to the public from such unauthorized specific legal advice through the in personam use of the kit are explicated in The Florida Bar v. American Legal and Bus. Forms, Inc., supra. It should be remembered that dissolution of marriages covers a wide range of subjects, including contract and property rights of the parties, custody of children, inheritance, alimony, separate property, possibility of fraud or imposition, counselling to rehabilitate marriage relationships, etc.
The foregoing considered, it is the judgment of this Court that Respondent Joe S. Stupica d/b/a J. Lawrence Publications be and he is hereby permanently enjoined from the further unauthorized practice of law and that he be and is hereby prohibited from further advertising, publishing and selling the said "Divorce Kit" contrary to our opinion and judgment herein.
It is further ordered that costs of these proceedings be duly ascertained by the Referee herein and taxed against Respondent.
It is so ordered.
ADKINS, C.J., and BOYD, McCAIN, DEKLE and OVERTON, JJ., concur.