QUESTION: Does the preparation of deeds, easements, and other legal instruments by a municipal employee, who is not a member of The Florida Bar, for the acquisition of real property and easements needed by the municipality in the course of regular busines constitute the unauthorized practice of law?
SUMMARY: The Supreme Court, in the exercise of its exclusive jurisdiction to regulate the practice of law, has adopted a broad definition of what constitutes the practice of law, and any requests for a legal opinion concerning possible unauthorized practice of law on the part of agents or employees of a municipality in the preparation of legal instruments for the acquisition and conveyance of real property or easements and other interest therein should properly be addressed to the Standing Committee on Unauthorized Practice of Law of The Florida Bar. Article V, s. 15, State Const., provides that "[t]he supreme court shall have exclusive jurisdiction to regulate the admission of persons to the practice of law and the discipline of persons admitted." This section, which is identical to its predecessor provision embodied in the State Constitution 1885 at Art. V, s. 23, provides the foundation for formulation of Art. XVI, s. 1, Integration Rule of The Florida Bar, which was enunciated by the Supreme Court in the matter of Petition of Florida State Bar Association, 40 So.2d 902 (Fla. 1949), and in sum states that the Supreme Court possesses the inherent jurisdiction to regulate the practice of law and, further, that the practice of law by persons whose fitness has not been approved shall constitute contempt of the Supreme Court. The question which you have presented concerns the acquisition of real property and interests therein by the city. The transfer of such property rights to the city necessarily involves the legal rights of others, namely the grantors and any lienors or others claiming any interest in the realty under preexisting covenants or restrictions affecting or burdening the property or by way of adverse possession. Ordinarily, instruments conveying or granting such interests in realty are prepared by or for the grantor or other person whose rights are being conveyed or relinquished. Serious consequences, such as oversights and omissions in the preparation of instruments as well as defects in express provisions of such instruments which certainly affect the rights of persons other than the city corporate and necessarily involve the giving of legal advice to and the performance of services of a legal nature for the grantor or other affected or interested persons, may attach to the preparation of legal instruments by the agent or employee of the city unlicensed to practice law. I should take this opportunity to direct your attention to Art. II, s. 2, Integration Rule of The Florida Bar, which generally states that no person shall engage in any way in the
practice of law unless an active member in good standing of The Florida Bar. Pursuant to enunciation of this rule, the Supreme Court determined in The Florida Bar v. Sperry, 140 So.2d 587 (Fla. 1962), vacated on other grounds, that the power to regulate and discipline those admitted to the practice of law necessarily carried with it the power to prevent the practice of law by those not admitted to practice. Otherwise, the court reasoned, the express power to control admissions would be rendered meaningless. Subsequently, the Supreme Court considered the case of Dade Commonwealth Title Insurance Co. v. North Dade Bar Association,152 So.2d 273 (Fla. 1963), directing its attention to the constitutional grant of exclusive authority to regulate the practice of law. Therein, the court held that no other authority, be it inferior court or administrative body, had the power to determine matters relating to unauthorized practice of law and thereby attributed a clearly literal meaning to the constitutional mandate. In light of the foregoing authority, only the Supreme Court may define the practice of law or determine what circumstances and conduct constitute the unauthorized practice of law. The Attorney General has no jurisdiction over the practice or the unauthorized practice of law and, as such, I am unable to render any definitive legal opinion with regard to the issues posed by the instant question. Should you care to pursue the matter of your request for a definitive opinion, I suggest that you contact the Standing Committee on Unauthorized Practice of Law of The Florida Bar. Until you are able to procure such a directive from The Florida Bar, I shall endeavor to provide for your assistance some general guidelines for your use in determining whether the unlicensed agents or employees of the city may perform the services and give the legal advice necessarily entailed therein inherent in your question, based upon review of case law, unauthorized practice of law opinions of The Florida Bar (UPL), and statutory law. In The Florida Bar v. Sperry, supra, and The Florida Bar v. Town, 174 So.2d 385 (Fla. 1965), the Supreme Court announced as a guiding principle in the determination of what constitutes the practice of law that if important legal rights of a person were affected by the giving of advice or by the performance of services, including the preparation of legal instruments by which legal rights are obtained, secured, or given away, then such act constituted the practice of law. The enunciation of this principle has been cited approvingly in UPL74-5 (Summarized at p. 34, The Florida Bar Journal, January 1975), wherein the Standing Committee on Unauthorized Practice of Law (hereinafter UPL Committee) announced as its opinion that the work of an attorney admitted in a sister state but not in Florida as in-house police legal advisor did constitute the unauthorized practice of law. As its "litmus test" in formulating the principle followed in determining what constitutes the practice of law, the court in Sperry, supra, stated that: . . . if the giving of such advice and performance of such services affect important rights of a person under the law, and if reasonable protection of the rights and property of those advised and served requires that the persons giving such advice possess legal skill and a knowledge of the law greater than that possessed by the average citizen, then the giving of such advice and the performance of such services by one for another as a course of conduct constitute the practice of law. Application of this reasoning has led to determinations of unauthorized practice of law in The Florida Bar v. Keehly,190 So.2d 173 (Fla. 1966); The Florida Bar v. Teitelman, 261 So.2d 140
(Fla. 1972); and The Florida Bar v. American Legal and Business Forms, Inc., 274 So.2d 225 (Fla. 1973) — all cases involving the preparation of legal documents by persons not admitted to The Florida Bar. A similar result was obtained in UPL 67-1 (summarized at p. 111, The Florida Bar Journal, February 1975), wherein the UPL Committee was of the opinion that activities of corporate house counsel not admitted to practice in Florida, although a member of the Bar of a sister state, constituted the unauthorized practice of law. The committee reasoned that an attorney not admitted in Florida stands in the shoes of a layman insofar as the practice of law in Florida is concerned. In UPL 74-4 (summarized at p. 110, The Florida Bar Journal, February 1975), the factual circumstances involved the appearance by an attorney not admitted in Florida at a quasi-judicial administrative hearing. In determining the role played by the attorney to be the unauthorized practice of law, the UPL Committee stated that "the best test is what is done, not where, for the safest measure is the character of the acts themselves." The determination of unauthorized practice in UPL 73-1 (summarized at p. 33, The Florida Bar Journal, 1975) arose from matters involving representation before a zoning authority. Therein it was determined that a person who is not a member of The Florida Bar may not practice before a zoning board on behalf of another. The opinion was subsequently clarified to countenance the appearance of expert witnesses so long as the expert does not appear as a person representing the owner as a advocate. The committee stated in its opinion that the preparation by one not a member of The Florida Bar of applications, pleadings, or other papers requiring legal knowledge and technique constitutes the unauthorized practice of law. The question of whether the performance of services of a legal nature requires reciprocal compensation in order to fall within the parameters of unauthorized practice, which was raised in The Florida Bar v. Town, supra, appears to have been resolved by The Florida Bar v. Keehly, supra, and it now clearly appears that compensation is not a necessary element of the unauthorized practice of law. In Keehly, which dealt with matters relating to the preparation of corporate charters and other related documents, the Supreme Court approved and adopted the conclusions of the circuit judge acting as a referee for the court that neither the absence of compensation, the close personal relationship between the party preparing the documents and those for whom they were prepared, nor the interest of the respondent in the transaction, either present or prospective, served to legalize his actions in formation of the corporations there involved. The court, in quoting from the referee's report, then stated: It is equally inimical, dangerous and contrary to the welfare of the public to permit untrained and unqualified persons, who have not been admitted to The Florida Bar, to perform such services for individuals who desire to incorporate and to operate as corporations under the Florida law, whether a fee is charged, whether the parties are closely related, or whether the untrained persons is one of the interested parties. [Keehly at p. 175.] It is readily discerned from careful review of the case law and UPL opinions that the reason for prohibiting the practice of law by those who have not been examined and admitted to practice is to protect the public from being advised and represented in legal matters by those who have not proven their qualifications to the
satisfaction of the court. As was stated in The Florida Bar v. Sperry, at 595: . . . the unauthorized practice of law by those not qualified and admitted actually creates work for the legal profession because of the errors and mistakes of those who for others illegally perform legal work they are not competent to perform. In this, the members of the legal profession gain, but the unfortunate members of the public who were ill-advised lose, in some instances, quite badly. It is the effort to reduce this loss by members of the public that primarily justifies the control of admissions to the practice of law, discipline of those who are admitted, and the prohibition of the practice to those who have not proved their qualifications and been admitted. At this point, I direct your attention to Ch. 57-1754, Laws of Florida, which is the City Charter Act establishing the City of Pompano Beach, and, more specifically, to Art. XI, s. 62, thereof. That section, entitled "City Attorney, Appointment and Qualifications," provides in pertinent part that: The City Commission shall appoint a city attorney who and such assistant attorneys as may be necessary [sic] shall act as the legal advisor to, and attorney and counselor for, the municipality and all of its officers in matters relating to their official duties. . . . He shall prepare all contracts, bonds, and other instruments in writing in which the municipality is concerned, and shall endorse on each his approval of the form and correctness thereof, but failure to do so shall not affect its validity. . . . (Emphasis supplied.) Parenthetically, I should briefly address the import of Ch. 166, F.S., commonly cited as the "Municipal Home Rule Powers Act." Section 166.021(4) and (5), F.S., secure for municipalities, with specified exceptions, the broad exercise of home rule powers granted by the Constitution and transform into ordinances of the particular municipality all existing special acts pertaining exclusively to the power or jurisdiction of a particular municipality. In the absence of contrary research results, it would therefore appear that the import of s. 166.021(4) and (5) is to transform to an ordinance of the City of Pompano Beach, Art. XI, s. 62 of the Charter Act as it appears at Ch. 57-1754, Laws of Florida. On the basis of my research, I am unable to locate any amendment to the above-quoted charter provision which would allow any individual other than the city attorney or one of his assistant city attorneys to prepare any "contracts, bonds (or) other instruments in writing in which the municipality is concerned. . . ." It would appear that the charter act and city ordinances clearly prohibit the preparation of contracts, bonds, or other written instruments in which the municipality is concerned, which must necessarily be interpreted to include deeds and easements, by any individual other than the city attorney or one of his duly designated assistants. Additionally, and with reference to the foregoing discussion concerning the constitutional grant to the Supreme Court of exclusive jurisdiction to regulate within Florida the practice of law in all its forms, it is clear that a municipality is not empowered to authorize anyone to practice law. The authority possessed by the municipality extends only so far as to delegate responsibility for the performance of legal duties on its behalf to some person having previously fulfilled the requirements specified by the Supreme Court and by that body duly admitted to the practice of law. Neither may the Legislature, in the exercise of its legitimate powers, define or regulate or attempt to define or regulate in any way the practice of law in this state, for that power rests solely in the hands of the Supreme Court. As I have previously stated herein, I am not authorized to render definitive legal opinions on the issue raised by your inquiry for the same reason which precludes the Legislature and municipal legislative bodies from intruding into the area of regulating and defining the practice of law. I therefore suggest that your inquiry be directed to the Standing Committee on Unauthorized Practice of Law of The Florida Bar. Upon receipt of your inquiry, that committee will conduct its review of questions posed and render its findings in the form of an unauthorized practice of law (UPL) opinion. Additionally, I should point out that UPL opinions are persuasive but are not binding upon the Supreme Court. While the Supreme Court has delegated certain authority to The Florida Bar to investigate unauthorized practice and to assist the court in enforcing the provisions of the Integration Rule of The Florida Bar, ultimate authority to determine what constitutes the unauthorized practice of law rests solely with the Supreme Court.