364 So.2d 431 (1978)
THE FLORIDA BAR, Petitioner,
v.
Steven K. PEAKE, d/b/a Divorce Services of America, d/b/a Divorce Services of Florida, Louis P. Graner, d/b/a Aaron Answering Service, Western Union International, Inc., d/b/a Able One Answering Service, and Van Royce Vibber, et al., Respondents.
No. 50848.
Supreme Court of Florida.
June 22, 1978.
As Modified December 14, 1978.
R. Layton Mank, Chairman, Standing Unauthorized Practice of Law Committee, Miami, John A. Weiss, H. Glenn Boggs, Asst. Staff Counsels, The Florida Bar, Tallahassee, for petitioner.
Sherwin P. Simmons, Tampa, Marvin E. Barkin, Trenam, Simmons, Kemker, Scharf & Barkin, Tampa, for respondent, WUI/TAS, Inc., named in the Petition as Western Union International, Inc.

ORDER
On January 3, 1977, The Florida Bar filed a petition with this Court charging that the respondents were engaging in the unauthorized practice of law, and seeking an injunction to prevent the continuation of such practice. The Bar specifically alleges that Steven K. Peake of Santa Monica, California, doing business as Divorce Services of Florida and Divorce Services of America, has through newspaper advertising solicited inquiries from Florida residents on dissolution of marriage procedures, and has furnished in return for a fee of $85.00 a "divorce kit," including all legal papers required to be filed in order to obtain an uncontested dissolution in Florida, together with instructions for filing. Acting upon the complaint of an individual who had purchased these services, the Bar asserts that respondents have engaged in the unauthorized practice of law "[b]y soliciting her legal work, by inquiring about various legal matters and by giving [her] legal advice thereto ...," in violation of our decisions in The Florida Bar v. Stupica, 300 So.2d 683 (Fla. 1974), and in The Florida Bar v. American Legal and Business Forms, Inc., 274 So.2d 225 (Fla. 1973).
We issued a Rule to Show Cause, commanding the respondents to answer why they should not be held in contempt. Respondent Western Union International, Inc., d/b/a Able One Answering Service, answered the Rule to Show Cause by alleging it had only allowed Divorce Services of Florida to use its address as a mail drop and license location, that it was unaware that its tenant was engaging in the unauthorized *432 practice of law, and that it has affirmatively terminated its business arrangements with that tenant.
In its reply, the Bar stipulated as to these facts and agreed to the dismissal of this respondent. Accordingly, this proceeding and the Rule to Show Cause heretofore issued are dismissed as to respondent Western Union International, Inc., d/b/a Able One Answering Service.
After initial difficulties effecting service of process on the other respondents, substituted service of an amended Rule to Show Cause was effected as to them on August 3, 1977, by service upon the Secretary of State in compliance with Section 48.161, Florida Statutes (1975), thus giving us personal jurisdiction over respondents under Florida's long-arm statute, Section 48.181, Florida Statutes (1975). No response has been filed by those respondents, and there appears to be no reason why we should withhold further action. It is our judgment that, pursuant to the power vested in this Court under Article V, Section 15 of the Florida Constitution, respondents are hereby enjoined from further engaging in the unauthorized practice of law in the State of Florida, either individually or by means of any artifice.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD, ENGLAND, SUNDBERG and ALDERMAN, JJ., concur.
HATCHETT, J., concurs specially with an opinion.
HATCHETT, Justice, specially concurring.
This case is controlled by our recent decision in Florida Bar v. Brumbaugh, 355 So.2d 1186 (Fla. 1978). In that case, we expressly modified the rules governing the sale by nonlawyers of legal forms, along with general directions on how to fill out such forms and other general legal information. The Brumbaugh rule stresses several important principles: (1) members of the public should not be denied access to necessary legal information if they choose to represent themselves in court proceedings; (2) a non-lawyer does not engage in the unauthorized practice of law by selling printed material purporting to explain legal practice and procedure to the public in general, or standardized legal forms, including general directions on how to fill out such forms; (3) personal legal assistance by non-lawyers on an individual's specific legal problems is prohibited; (4) secretarial service involving the typing of necessary legal information in standardized forms does not constitute the unauthorized practice of law as long as it is performed under the express supervision of a customer. Such secretarial service should have no discretion whatsoever in advising the customer as to the specific information necessary to complete the forms, or in correcting errors and omissions made by the customer in the filling out of such forms. The customer should not rely upon the secretarial service for assistance in filling out such forms except to the extent of the skill involved in the typing itself. Further, this court, in Brumbaugh, imposed the additional requirement that directions given by the customer to the secretary must be in writing, in order that this court could more easily enforce these rules.
According to the uncontradicted facts set forth in The Florida Bar's petition, it is clear that Divorce Services of Florida, through its agents, engaged in the unauthorized practice of law. Respondents' divorce service improperly gave customers the impression that it would provide all the specific legal documents necessary to obtain an uncontested divorce for the customer, and that the customer needed only to file these documents with the court and pay the filing fees. Respondents solicited specific personal information from the customer and, on its own, filled out its standardized forms with the necessary specific information. In spite of respondents' attempts to limit customer reliance upon its advice by telling its customers that they were not attorneys and engaged only in typing legal forms for the general public, it is clear that the business improperly allowed the customer to rely upon the divorce service for personal legal assistance.
*433 Therefore, an injunction should be granted prohibiting respondents and their business from providing legal services in excess of what we held permissible in Brumbaugh.