PER CURIAM.
This unauthorized practice of law matter is before us on joint motion and stipulation of settlement by The Florida Bar and Bertha Williams, providing:
WHEREAS, The Florida Bar filed a petition against unauthorized practice of law charging that certain activities of Bertha Williams, a/k/a Bert Williams, d/b/a Bert Williams Professional Accounting Services (hereinafter, respondent) constituted the unauthorized practice of law; and,
WHEREAS, on January 30, 1980, the Supreme Court of Florida issued a rule to show cause and order appointing referee in this cause; and,
*565 WHEREAS, the respondent filed a response to the petition against unauthorized practice of law on March 21, 1980, which admitted the allegations of the petition; and,
WHEREAS, The Florida Bar is willing to conclude this matter against respondent if the referee recommends and the Supreme Court of Florida will agree to the settlement and enter the order and injunction set forth below.
The Florida Bar and respondent jointly stipulate and agree as follows:
1. The procedural provisions of Article XVI of the Integration Rule of The Florida Bar are, for the purposes of this settlement, hereby waived.
2. If the order and injunction set forth herein below are not approved and entered by the' Supreme Court, then this joint motion and stipulation is void.
3. The order and injunction set forth herein below shall be published in the Southern Reporter.
The parties have agreed to the entry of the following order and permanent injunction:
It is hereby Ordered and Adjudged as follows:
1. The provisions of the foregoing joint motion and stipulation are approved and confirmed.
2. The following activities constitute the unauthorized practice of law and may not be carried out or conducted in Florida by the respondent, who is perpetually restrained and enjoined from:
a. Holding herself out as an attorney authorized to practice law in Florida,
b. Allowing members of the public to rely on her to properly prepare legal forms or legal documents affecting a customer’s legal rights,
c. Advising customers as to any legal remedy which might be available to them,
d. Assisting customers in preparing documents or forms necessary for submission to any court or governmental agency,
e. Orally asking or answering questions from customers regarding which specific documents or forms might be necessary for filing with a court or governmental agency to accomplish a customer’s objective, or how to properly fill out such papers, or where to correctly file such papers, or how to present additional information to a given court or governmental agency, and
f. Engaging in personal assistance regarding the customer’s needs, including correcting either errors or omissions on documents or forms prepared by said customers.
3. The respondent admitted the allegations of the petition against unauthorized practice of law filed herein, especially including the fact that the respondent signed an affidavit (dated January 24, 1979) submitted to the petitioner’s unauthorized practice of law committed, which states in part, “I certify that I have read and will abide by the following decisions of the Supreme Court of Florida: Florida Bar vs. Brumbaugh, 355 So.2d 1186 (Fla. 1978); and Florida Bar vs. Peake, 364 So.2d 431 (Fla.1978).”
4. The respondent has admitted engaging in conduct outside that permitted by Brumbaugh and Peake subsequent to the date she signed the affidavit and consequently admits violating the terms of the affidavit.
5. Having considered the pleadings and evidence, we order that respondent be permanently enjoined from engaging in the acts set forth herein in paragraph (2) above and from otherwise engaging in the practice of law in the State of Florida and that respondent be found in indirect criminal contempt of the Supreme Court for the unauthorized practice of law and sentenced to pay a fine of $100.00 to the Clerk of this Court and to one month *566 imprisonment, suspended so long as the respondent does not violate the terms of this injunction.
6. In addition, the respondent is ordered to pay the costs of this proceeding to petitioner. The amount of such costs shall be determined by this Court upon a motion to fix costs submitted by petitioner subsequent to the entry of this order by this Court.
The joint motion and stipulation is approved. The proposed order and injunction are adopted as an order of and an injunction by this Court.
It is so ordered.
SUNDBERG, C. J., and ADKINS, BOYD, OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.