**Bill PALMER et al., Appellants,**

v.

**UNAUTHORIZED PRACTICE COMMIT-
TEE OF the STATE BAR OF
TEXAS et al., Appellees.**

**No. 207.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Feb. 12, 1969.

Jack Bailey, Houston, for appellants.

Robert O. Campbell, Houston, and Davis Grant, Austin, for appellees.

BARRON, Justice.

This suit was filed in the District Court of Harris County, Texas, by the State Bar of Texas, through its Committee on Unauthorized Practice of Law, and the Houston Bar Association, as plaintiffs, against Bill Palmer, individually and doing business as National Will Forms and National Will Form Company, defendants, for injunction to restrain defendants from engaging in the alleged unauthorized practice of law by the offering for sale to the general public, exclusive of licensed attorneys, of wills and will forms containing blanks to be filled in by the user, and to restrain defendants from advertising the alleged sale to the general public of said wills and will forms.

After a hearing on September 30, 1968, the district court granted a temporary injunction as sought by plaintiffs. Defendants have perfected their appeal as a result of the order of the trial court.

Defendants contend by this appeal that the acts proven do not constitute the unauthorized practice of law; that the temporary injunction is too broad and is in direct contravention of the guarantees afforded individuals by the First Amendment to the United States Constitution and Art. I, Sec. 8 of the Texas Constitution, Vernon's Ann.St.; that defendants' right to contract and their obligations thereunder have been unconstitutionally impaired; that the trial court had no jurisdiction to enter the restraints; that the injunction was improper because an adequate remedy at law was shown, and because plaintiffs did not come into the court of equity with clean hands.

The facts show that defendant had for some months prior to the filing of this action engaged in an advertising campaign in various newspapers in the State of Texas promoting the sale of "will forms" to the general public. The will form was prepared for him by an attorney. Defendant is not licensed to practice law in this or in any other state. He did not complete his high school education and is untrained in the law. These advertisements took several forms but were basically the same. One of the advertisements was as follows:

"DON'T DIE WITHOUT A WILL

"You have heard many times, 'Everyone should have a will.' But, Why? ALL wills go through probate court regardless of how small the estate. If there is no will the beneficiary WILL, in every case, experience delays, tied-up savings and checking accounts, expensive legal fees, orphaned children wards of the court and many trips to court.

"ALL THIS CAN BE AVOIDED

"Send coupon below for the simple, but binding, Will Form with self explanatory instructions. Man and wife * * * $3, individual * * * $2."

A coupon was attached to the advertisement. Other advertisements purported to give instructions and warnings on the law of community property and the general hazards of dying without a will. The will form sent to the customer by mail was a simple will giving, devising and bequeathing to one or more persons all of the "testator's" property. The form included a simultaneous death clause, "or within ninety days after my death as a result of a common disaster," with a place to fill in names of alternate beneficiaries. The form included the appointment of an independent executor and an alternate independent executor, and provision was made for the appointment of a guardian for minor children. If the children inherited, the testator's property was to pass "share and share alike, per stirpes and not per capita." No provision for bonds was made. Three witnesses were contemplated in the form, and the self-proving affidavit in substantial wording of Sec. 59 of the Texas Probate Code, V.A.T.S. was attached.

Further attached to the form were definitions of the terms executor, witness, trustee, guardian, will and testament, with the statement written below, "The above

taken from home library dictionary." The advertisements were followed with the suggestion that the National Will Form Company would furnish will forms for consideration of $2.00 for an individual and $3.00 for a man and wife. Defendants sell approximately 150 such will forms per week to the general public and derive an income of about $350.00 per week from such sales.

Defendants contend that the advertising of a printed, blank form and the sale thereof cannot constitute the practice of law. But we believe the defendants have oversimplified their conduct and their actions in dealing with the highly complicated subject of wills and the many and varied testamentary dispositions of property advisable in a given case. Drafting and supervising the execution of wills is, we believe, practicing law. By a will legal rights are secured. In giving instructions, confidential communications regarding family relations are often necessary. There is no phase of the law which requires more profound learning than on the subject of trusts, powers, the law of taxation, legal and equitable estates, perpetuities, etc. These duties cannot be performed by an unlicensed person, not an attorney, and who is untrained in such complex legal subjects. See People v. Peoples Trust Co., 180 App.Div. 494, 167 N.Y.S. 767; People ex rel. Committee on Grievances et al. v. Denver Clearing House Banks, 99 Colo. 50, 59 P.2d 468.

Defendants seem to consider the commercial distribution of their will form as similar to the sale of lease and deed forms by a stationary store. This is an erroneous assumption. It has been held that preparation of legal instruments of all kinds and all advice to clients involve the practice of law. Stewart Abstract Co. v. Judicial Commission of Jefferson County, 131 S.W.2d 686 (Tex.Civ.App.), no writ hist.; In re Duncan, 83 S.C. 186, 65 S.E. 210, 24 L.R.A.,N.S., 750. A deed form can be said to be standardized somewhat in that it must possess a habendum and a granting clause and must contain a statutory acknowledgment. A will "form" as distributed by defendants is almost a will itself. The "form" purports to make specific testamentary bequests in the planning of estates of potential decedents. By reading defendants' advertisements, by reading the will form, and by reading the definitions that are attached, the unsuspecting layman is led to believe that defendants' will "form" is in fact only a form and that all testamentary dispositions may be thus standardized. The assumption is misleading and certainly will lead to unfortunate consequences for any layman who might rely upon the "form" and the definitions attached.

The State Bar Act, Vernon's Ann.Civ.St. Art. 320a–1, Sec. 3, reads as follows:

"Sec. 3. All persons who are now or who shall hereafter be licensed to practice law in this State shall constitute and be members of the State Bar, and shall be subject to the provisions hereof and the rules adopted by the Supreme Court of Texas; *and all persons not members of the State Bar are hereby prohibited from practicing law in this State.*" (Emphasis added).

The practice of law is affected with a public interest, and it is the right and duty of the state to regulate it and control it so that the public safety and welfare will be served and promoted. Hughes v. Fort Worth Nat. Bank, 164 S.W.2d 231 (Tex. Civ.App.), writ ref. See also 111 A.L.R. 19; 125 A.L.R. 1173, and 7 C.J.S. Attorney and Client § 3 g, p. 703. It has been said that it is impossible comprehensively to define the practice of law, and that each case must be decided upon its own particular facts. Arkansas Bar Ass'n v. Block, 230 Ark. 430, 323 S.W.2d 912. Certainly, the Supreme Court of Texas does not and cannot comprehensively define beforehand what constitutes the practice of law in Texas.

Constitutional rights of speech, publication and obligation of contract are

not absolute, and in a given case where the public interest is involved, courts are entitled to strike a balance between fundamental constitutional freedoms and the state's interest in the welfare of its citizens. The above statute was enacted in the interest of public welfare and safety for the purpose of prohibiting the practice of law by unqualified and unlicensed persons under the State's police power. Constitutional guarantees of freedom of expression and of contract must yield to permit the rendition of such decree as is necessary for the reasonable protection of the public. See Art. I, Secs. 8 and 16, Constitution of Texas (Interpretive Commentary, Vol. 1, Vernon's Texas Constitution, pp. 243–245, and p. 373); Gitlow v. New York, 268 U.S. 652, 666–668, 45 S.Ct. 625, 69 L.Ed. 1138; Near v. Minnesota ex rel. Olson, 283 U.S. 697, 708, 51 S.Ct. 625, 75 L.Ed. 1357; Curtis Publishing Co. v. Butts, 388 U.S. 130, 150, 87 S.Ct. 1975, 18 L.Ed.2d 1094; E. F. Drew & Co. v. Federal Trade Commission, 235 F.2d 735, 740 (2d Cir. 1956). We hold that defendants' constitutional rights and privileges have not been infringed or violated.

> "The exercise of judgment in the proper drafting of legal instruments, or even the selecting of the proper form of instrument, necessarily affects important legal rights. The reasonable protection of those rights, as well as the property of those served, requires that the persons providing such services be licensed members of· the legal profession." Cape May County Bar Ass'n v. Ludlam, 45 N.J. 121, 211 A.2d 780, 782; Clark v. Reardon, 231 Mo.App. 666, 104 S.W.2d 407.

This is a case of first impression in Texas. We think that an untrained layman's so dealing with such an involved legal subject as wills falls within the statutory prohibition which bars an unlicensed person from practicing law in this State. Courts have taken differing views on similar facts. See New York County Lawyers' Ass'n v. Dacey, 28 A.D.2d 161, 283 N.Y.S. 2d 984, rev'd and dissenting opinion· adopted, 21 N.Y.2d 694, 287 N.Y.S.2d 422, 234 N.E.2d 459. And compare Grievance Committee of Bar of Fairfield County v. Dacey, 154 Conn. 129, 222 A.2d 339, 22 A.L.R. 3d 1092.

We hold that the trial court had jurisdiction to enter the decree and that it properly did so. Plaintiffs have violated no rule or principle of equity in this case, and injunction is the only adequate remedy under the circumstances.

The judgment of the trial court is affirmed.