Ex parte Barry Joe SALTER, Appellant.

No. 15601.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

March 26, 1970.

Rehearing Denied April 16, 1970.

Brown, Kronzer, Abraham, Watkins &
Steely, Houston, John Benn, W. James
Kronzer, John M. O'Quinn, Houston, of
counsel, for appellant.

BELL, Chief Justice.

Appellant, whose license to drive a motor
vehicle had been suspended, filed his veri-
fied petition with the Judge of the 157th
District Court asking that the judge find
there was an essential need for him to
operate a motor vehicle in the performance
of his trade or occupation and to enter an
order to that effect. The judge entered
an order denying the relief sought because
he concluded "that no essential need exists
for the operation of a motor vehicle in the
performance of the occupation or trade of
Petitioner * * *"

This proceeding is authorized by Article
6687b, Section 23A, Vernon's Annotated

Civil Statutes as amended by Acts of the 61st Legislature of Texas, in 1969.

The pertinent parts of the statute read as follows:

"(a) Any person whose license has been suspended for causes other than physical or mental disability or impairment may file with the judge of the district court having jurisdiction within the county of his residence, a verified petition setting forth in detail an essential need for operating a motor vehicle in the performance of his occupation or trade. The hearing on the petition may be ex parte in nature. The judge hearing the petition shall enter an order either finding that no essential need exists for the operation of a motor vehicle in the performance of the occupation or trade of the petitioner or enter an order finding an essential need for operating a motor vehicle in the performance of the occupation or trade of the petitioner. In the event the judge enters the order finding an essential need as set out herein, he shall also, as part of such finding, determine the actual need of the petitioner in operating a motor vehicle in his occupation or trade and shall restrict the use of the motor vehicle to the petitioner's actual occupation or trade and the right to drive to and from the place of employment of the petitioner, and shall require the petitioner to give proof of a valid policy of automobile liability insurance in accordance with the provisions of the Texas Safety Responsibility Law, Article 6701h, Vernon's Annotated Texas Statutes."

The trial judge filed findings of fact and conclusions of law. The substance of the material facts found is that appellant's license to drive has been suspended until June 1, 1973; that the distance from his residence to his place of employment is substantial, being approximately 20 miles; that there is neither public nor private transportation available to enable him to get to and from his place of employment;

and that the duties of his employment do not require him to operate a motor vehicle and he does not in fact operate a motor vehicle in the performance of his occupation.

The court's conclusion of law is that "there being no essential need for the operation of a motor vehicle by petitioner * * * in the performance of his occupation with his employer, the Ladish Company, the granting of his petition is precluded by law."

The purpose of the petition was to obtain the right to drive a motor vehicle from petitioner's home to his work so he could reach his place of work and thus be available at the site where his work would be performed. If he cannot get to the present place of his employment he cannot perform his work and earn a living for himself and family.

The effect of the trial court's action was to hold that the statute only applied if there was an essential need to drive a motor vehicle in the actual performance of a person's trade or business.

The basic position of appellant is that by passage of the statute the legislature intended to allow an occupational license to a person whose license had been suspended if it be shown that it is essential for such person to drive a motor vehicle to get to and from his work even though he does not drive a motor vehicle in the actual performance of his work. This position is based largely on the provision in the statute that in the court's order finding an essential need to drive a motor vehicle in the performance of a person's trade or occupation, there shall be the restriction that the use may be made of the motor vehicle in his actual occupation or trade *and the right to drive to and from the place of employment.*

In construing the statute we must ascertain the legislative intent from a consideration of all the language used. The statute is a remedial one and should be

liberally construed in order to effectuate the purpose of the legislature. Anderson v. Neighbors, 94 Tex. 236, 59 S.W. 543; City of Mason v. West Texas Utilities Co., 150 Tex. 18, 237 S.W.2d 273. We may not, however, legislate and must confine our interpretation to a reasonable construction of the language used.

 We are of the view that the statute only authorizes the issuance of an occupational license to those persons who must actually need to drive a motor vehicle in the performance of their trade or occupation.

An analysis of the language of the statute above quoted shows that the court's inquiry shall be directed to a determination of whether there is an essential need for operating a motor vehicle in the performance of the occupation or trade of the petitioner. The inquiry authorized is not to determine whether the employee needs to drive in order to reach the place of his employment. If the court determines there is such essential need, it shall then determine the extent of the actual need of petitioner in operating the vehicle in the performance of his occupation or trade, and shall restrict the use of the vehicle to petitioner's actual occupation or trade and the right to drive to and from his place of employment.

The finding of an essential need for operating a motor vehicle in the performance of the occupation or trade of a person without enabling him to take advantage of such a finding by driving to and from his place of employment would be an anomaly. Too, it is well known that persons driving trucks or taxicabs, and salesmen who have an essential need to drive in order to perform their occupation or trade frequently use the same vehicle to go to and from their place of employment from their place of residence.

Appellant suggests that if the construction we have given the statute is correct then it denies equal protection of laws in violation of Article I, Section 3 of the Texas Constitution, Vernon's Ann.St., and the Fourteenth Amendment to the United States Constitution. He cites no authority.

We are of the view that the classification made by the statute is a reasonable one and is not, therefore, constitutionally invalid.

Affirmed.