

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 8, 1971

Honorable Glen Aaron, Jr.
County Attorney
Tom Green County Courthouse
San Angelo, Texas 76901

Opinion No. M-771

Re: Whether one who is granted
an occupational driver's
license under Article 6687b
is entitled also to receive
the return of his automobile
registration receipts and
license plates.

Dear Mr. Aaron:

You have recently requested an opinion of this office which reads as follows:

"Is an individual who is granted an occupational
driver's license under Section 23A, Article 6687b,
Vernon's Civil Statutes, as amended, entitled also
to receive the return of his automobile registration
receipt and license plates?"

Section 23A, Article 6687b, Vernon's Civil Statutes, reads as follows:

"(a) Any person whose license has been suspended
for causes other than physical or mental disability
or impairment may file with the judge of the district
court having jurisdiction within the county of his
residence, a verified petition setting forth in de-
tail an essential need for operating a motor vehi-
cle in the performance of his occupation or trade.
The hearing on the petition may be ex parte in
nature. The judge hearing the petition shall enter
an order either finding that no essential need exists
for the operating of a motor vehicle in the performance
of the occupation or trade of the petitioner or enter
an order finding an essential need for operating
a motor vehicle in the performance of the occupation
or trade of the petitioner. In the event the judge enters

-3758-

the order finding an essential need as set out herein, he shall also, as part of such finding, determine the actual need of the petitioner in operating a motor vehicle in his occupation or trade and shall restrict the use of the motor vehicle to the petitioner's actual occupation or trade and the right to drive to and from the place of employment of the petitioner, and shall require the petitioner to give proof of a valid policy of automobile liability insurance in accordance with the provisions of the Texas Safety Responsibility Law, Article 6701h, Vernon's Annotated Texas Statutes. Such restrictions shall be definite as to hours of the day, days of the week, type of occupation and areas or routes of travel to be permitted, except that in any event the petitioner shall not be allowed to operate a motor vehicle more than ten (10) hours in any twenty-four (24) consecutive hours. Unless further extended at the discretion of the District court, orders entered by such court shall extend for a period of twelve (12) months or less from the date of the original suspension. A certified copy of the petition and the court order setting out the judge's finding and the restrictions shall be forwarded to the Department.

"(b) Upon receipt of the court order set out in (a) above and after compliance with the provisions of the Texas Safety Responsibility Law, Article 6701h, Vernon's Texas Civil Statutes, the Department shall issue an occupational license, showing on its face the restrictions set out in the order of the court.

"(c) Any person who violated the restrictions on his occupational license shall be guilty of a misdemeanor and upon conviction thereof shall be punished in the same manner as one convicted of driving a motor vehicle while license is suspended, and such occupational license shall be automatically cancelled."

We find no decision of an appellate court construing this Article relative to the fact situation under consideration. This Section 23A provides for the granting of an occupational driver's license only where essential need is shown to drive a motor vehicle in the actual performance of a person's trade or business. No clear language in the Section speaks with reference to the restoration of the license plates and the registration receipts of the individual to whom the occupational driver's license is granted.

We are aware of the case of Ex Parte Salter, 452 S.W. 2d 711 (Tex. Civ. App. 1970, error ref.). While statements therein are to the effect that a court may, under certain conditions, authorize one to whom an occupational license was granted to drive to and from the place of his employment, the court did not actually pass upon either the granting or denial of that right, or the right to receive back for his use the license plates and the registration receipts covering his motor vehicle which had been taken from him incident to forfeiture of his driving privilege.

The Texas Department of Public Safety, the administrative agency charged with the enforcement of the vehicle licensing laws, has consistently and uniformly construed Section 23A as not authorizing automatically the return of licence plates and registration papers upon the granting of an occupational driver's license. While neither the Attorney General nor the courts are bound to follow a departmental construction of an ambiguous statute, both the Attorney General and the courts will ordinarily uphold such a construction where it is reasonable. 53 Tex. Jur. 2d 259, Statutes, Sec. 177, and cases cited therein.

It is, therefore, our opinion that one who is granted an occupational driver's license under Section 23A, Article 6687b, is not entitled automatically thereby to receive his automobile registration receipts and license plates.

## SUMMARY

One who is granted an occupational driver's license under Section 23A, Article 6687, Vernon's Civil Statutes, is not entitled, automatically, to receive the return of his automobile registration receipts and license plates.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Lonny F. Zwiener
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Roger Tyler
Charles Parrett
Dick Chote
Melvin Corley

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant Attorney General