**Vijay FADIA, Individually and d/b/a County Homestead Service Agency, Appellant,**

**v.**

**UNAUTHORIZED PRACTICE OF LAW COMMITTEE, Appellee.**

No. 05–90–01185–CV.

Court of Appeals of Texas, Dallas.

Feb. 24, 1992.

Rehearing Denied Feb. 24, 1992.

Vijay Fadia, Torrance, Cal., for appellant.

Cecily Shull Ticer and Mark A. Ticer, Dallas, for appellee.

Before ROWE,[1] KINKEADE and MALONEY, JJ.

### OPINION ON MOTION FOR REHEARING

KINKEADE, Justice.

We overrule appellee's motion for rehearing. We withdraw our opinion of December 27, 1991. This is now the Court's opinion.

Vijay Fadia appeals the trial court's summary judgment in favor of the Unauthorized Practice of Law Committee (the Committee). In four points of error, Fadia argues that (1) his activities involving the publication and distribution of his will manual do not constitute the unauthorized practice of law, (2) the trial court's injunction violates his federal constitutional rights, (3) the doctrine of laches bars the Committee's suit, and (4) the trial court's award of attorneys' fees is unauthorized by Texas law. Since Texas does not statutorily allow the award of attorneys' fees in these circumstances, we reverse the trial court's judgment on attorneys' fees. Because Fadia waived his constitutional and laches claims and his activities constitute the unauthorized practice of law, we affirm the trial court's judgment in all other respects.

### FACTUAL AND PROCEDURAL HISTORY

Vijay Fadia owns and operates County Homestead Service Agency in Torrance, California. He publishes a will manual entitled "You and Your Will: A Do–It–Yourself Manual" that he distributes in several states, including Texas. Fadia is not a licensed attorney in any state and has not attended law school. Fadia admits that no Texas attorney has reviewed or updated the book. He sold approximately 200 manuals in Texas for $24.95 each.

Fadia's will manual contains information on how to prepare a will. The manual covers topics such as executors, legal guardians, holographic wills, joint wills, simultaneous death provisions, incontestability clauses, specific bequests, community property, and pourover wills. The will manual also includes "fill-in-the-blank forms" for specific situations and several documents he calls "statutory" will forms from other states.

The State Bar of Texas established the Unauthorized Practice of Law Committee to protect the public from nonlawyers practicing law. The Committee filed suit to enjoin Fadia from distributing his will manuals in Texas. Each party filed cross-motions for summary judgment. Based on the summary judgment evidence presented, the trial court granted an injunction prohibiting the sale and/or distribution of Fadia's will manuals in Texas and awarded attorneys' fees to the Committee.

### SUMMARY JUDGMENT

A trial court may render summary judgment only if the pleadings, depositions, admissions, and affidavits show that (1) there is no genuine issue as to any material fact and (2) the moving party is entitled to judgment as a matter of law. Tex.R.Civ.P. 166a(c); *Rodriguez v. Naylor Indus., Inc.,* 763 S.W.2d 411, 413 (Tex.1989). A summary judgment seeks to eliminate patently unmeritorious claims and untenable defenses, not to deny a party its right to a full hearing on the merits of any real issue of

---

**1.** The Honorable Gordon Rowe participated in this cause before his resignation effective December 2, 1991, but he did not participate in this opinion.

fact. *Gulbenkian v. Penn*, 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952).

In a summary judgment proceeding, the plaintiff, as movant, must conclusively prove its entitlement to prevail on each element of the cause of action as a matter of law. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972). The plaintiff meets the burden if it produces evidence that is sufficient to support an instructed verdict at trial. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984). The plaintiff is under no obligation to negate affirmative defenses. The pleading of an affirmative defense does not, in itself, defeat a motion for summary judgment by a plaintiff whose proof conclusively establishes its right to an instructed verdict. The defendant must come forward with evidence sufficient to raise an issue of fact with respect to each element of the defense to avoid summary judgment. *Id.*

The unauthorized practice of law is a proper subject for summary judgment. *Cf. Unauthorized Practice of Law Comm. v. Cortez*, 692 S.W.2d 47, 51 (Tex.), *cert. denied*, 474 U.S. 980, 106 S.Ct. 384, 88 L.Ed.2d 337 (1985). Courts have the inherent power to determine on a case-by-case basis what constitutes the unauthorized practice of law. *Id.* at 51. The trial court, therefore, had the authority to decide as a matter of law whether Fadia's activities constituted the unauthorized practice of law.

## UNAUTHORIZED PRACTICE OF LAW

■ In his first point of error, Fadia argues that the publishing, marketing, and distribution of the will manual cannot constitute the practice of law. He contends that his will manual contains general information about wills and that his book encourages the public to seek the advice of a lawyer for complicated estate matters. Because a will secures legal rights and involves the giving of advice requiring the use of legal skill or knowledge, the preparation of a will involves the practice of law. *Palmer v. Unauthorized Practice of Law Comm. of the State Bar of Texas*, 438 S.W.2d 374, 376 (Tex.Civ.App.—Houston [14th Dist.] 1969, no writ); Tex. Gov't Code

Ann. § 81.101 (Vernon 1988). No phase of law requires a more profound learning on the subject of trusts, powers, taxation law, legal and equitable estates, and perpetuities than preparing a will. An unlicensed person, untrained in such complex legal subjects, cannot perform these duties for someone else. *Palmer*, 438 S.W.2d at 376. Fadia urges this Court to reject *Palmer* and accept the new age of legal self-help clinics. *See, e.g., People v. Landlords Professional Serv.*, 215 Cal.App.3d 1599, 264 Cal.Rptr. 548, 553 (Cal.Ct.App.1989) (clerical services do not constitute the practice of law, but personal advice to a specific individual does constitute the practice of law); *Florida Bar v. Brumbaugh*, 355 So.2d 1186, 1194 (Fla.1978) (the sale of legal forms and their instructions to the general public rather than to a specific individual for a particular legal problem does not constitute the practice of law); *Oregon State Bar v. Gilchrist*, 272 Or. 552, 538 P.2d 913, 919 (1975) (advertisement and sale of divorce kits without personal advice to the customer does not constitute the practice of law). To grant Fadia's request to overrule *Palmer* would require us to legislate from the bench. *See Ex Parte Salter*, 452 S.W.2d 711, 713 (Tex. Civ.App.—Houston [1st Dist.] 1970, writ refused). Changes to section 81.101, however, must come from the legislature. *Salter*, 452 S.W.2d at 713.

A review of the summary judgment evidence shows that:

(1) the will manual covers topics in which only an attorney may advise a client, like specific bequests, residuary estates, executor powers, self-proving affidavits, intestacy, and attestation clauses,

(2) the manual contains fill-in-the-blank forms that can easily confuse nonlawyers,

(3) one section of the manual contains a "create-your-own-will" section and tells persons how to use the clauses contained in the manual to create their own wills,

(4) the manual contains certain statutory wills that are not valid in Texas,

(5) no attorney licensed in Texas reviewed the manual for legal accuracy, and

(6) Fadia is not a licensed attorney in any state.

Fadia's will manual goes well beyond simple layman's advice. The will manual contains "fill-in-the-blank forms" and a "create-your-own-will" section. The selection of the proper legal form affects important legal rights. *Palmer*, 438 S.W.2d at 377. Fadia purports to advise a layperson on how to draft a will. This advice constitutes the practice of law. *Id.* Fadia's advertisements and will manual lead the public to falsely believe that testamentary dispositions can be standardized. Reliance on his forms leads to a false sense of security and often unfortunate circumstances for the general public. *Palmer*, 438 S.W.2d at 376.

■ The selling of legal advice is the practice of law. Fadia sold his advice for $24.95. *Cf. Cortez*, 692 S.W.2d at 50. The State Bar has not only the right but also the obligation to prevent legal advice clothed in the robes of simplicity from adversely affecting the estates of the unsuspecting public. Because a nonlawyer cannot and should not give advice to any other person on the drafting and executing of wills, we conclude that Fadia's publication and distribution of his will manual constitutes the practice of law. We overrule his first point of error.

## CONSTITUTIONAL ISSUES

■ In his second point of error, Fadia contends that the injunction violates his constitutional rights under the First Amendment, the due process and equal protection clauses of the Fourteenth Amendment, and the interstate commerce clause. We need not reach the merits of Fadia's constitutional claims. Fadia waived his right to complain. At the summary judgment hearing, once the Committee established a right to summary judgment, the burden shifted to Fadia, the nonmovant, to present evidence to the trial court to preclude summary judgment. *City of Houston v. Clear Creek Basin*

*Auth.*, 589 S.W.2d 671, 678 (Tex.1979); *United Business Mach. v. Entertainment Mktg.*, 792 S.W.2d 262, 264 (Tex.App.—Houston [1st Dist.] 1990, no writ). Fadia presented no summary judgment evidence. His pleadings and response to the Committee's motion for summary judgment constituted no summary judgment evidence. *United Business Mach.*, 792 S.W.2d at 264. Fadia cannot for the first time on appeal attempt to place such evidence in the record. *Deerfield Land Joint Venture v. Southern Union Realty Co.*, 758 S.W.2d 608, 610 (Tex.App.–Dallas 1988, writ denied). Because Fadia failed to present any summary judgment evidence that the Committee failed to prove its right to summary judgment as a matter of law, he waived his right to complain of this on appeal. We overrule his second point of error.

## DOCTRINE OF LACHES

■ In his third point of error, Fadia contends that the doctrine of laches bars summary judgment. Laches rests on the equitable theory that the delay in exercising a legal right unconscionably prejudices the defendant if the right is exercised. *Regent Int'l Hotels, Ltd., v. Las Colinas Hotels Corp.*, 704 S.W.2d 101, 106 (Tex.App.—Dallas 1985, no writ). To work as an effective affirmative defense, Fadia had to show that the Committee unreasonably delayed filing suit and that Fadia changed his position to his detriment because of the delay. *Id.* Fadia presents no evidence to show that his position has changed. *Cf. id.* Fadia had the burden to raise his defense through summary judgment evidence. *Gulf, C. & S.F. Ry. v. McBride*, 159 Tex. 442, 454–55, 322 S.W.2d 492, 499–500 (1958); *Wiley v. Wiley*, 576 S.W.2d 465, 467 (Tex.Civ.App.—Waco 1978, writ ref'd n.r.e.). Because Fadia offered no proof regarding the doctrine of laches applicable to his situation and introduced no evidence creating a fact issue on laches, he failed to carry his burden and waived his defense. *Walsh v. Austin*, 590 S.W.2d 612, 616 (Tex. Civ.App.—Houston [1st Dist.] 1979, writ dism'd). We overrule his third point of error.

### ATTORNEYS' FEES

■ In his last point of error, Fadia contends that the trial court erred in awarding the Committee $7500 in attorneys' fees. He argues that attorneys' fees are not recoverable unless provided for by statute or contract. He further argues that section 38.001 of the Texas Civil Practice and Remedies Code does not entitle the Committee to receive attorneys' fees. *See* TEX.CIV. PRAC. & REM.CODE ANN. § 38.001 (Vernon 1986).

The Committee responds that it sought attorneys' fees pursuant to section 81.104(2) of the Texas Government Code, not section 38.001. TEX.GOV'T CODE ANN. § 81.104(2) (Vernon 1988). Therefore, it contends that Fadia failed to preserve any point of error concerning attorneys' fees. Alternatively, if Fadia preserved his point of error, the Committee argues it is entitled to attorneys' fees under section 81.104(2).

In his motion presented to the trial court to deny plaintiff's request for attorneys' fees and in his point of error on appeal, Fadia clearly points out that attorneys' fees are not recoverable unless provided for by statute or contract. This was sufficient to put the trial court and this Court on notice of his complaint that the trial court lacked *any* statutory authority to award the Committee attorneys' fees. Since the Committee, however, only pleaded for attorneys' fees pursuant to section 81.104(2) of the Texas Government Code, we need not address Fadia's argument concerning section 38.001. Rather, we need only determine whether section 81.104(2) entitles the Committee to attorneys' fees.

■ Unless provided for by statute or contract between the parties, attorneys' fees incurred by a party to litigation are not recoverable against an adversary in a tort or contract suit. *Industrial Constr. v. DeSoto I.S.D.*, 785 S.W.2d 160, 162 (Tex. App.—Dallas 1989, no writ); *Prudential Ins. Co. of Am. v. Burke*, 614 S.W.2d 847, 849–50 (Tex.Civ.App.—Texarkana 1981, writ ref'd n.r.e.). Section 81.104 provides in pertinent part:

The unauthorized practice of law committee shall:

(2) seek the elimination of the unauthorized practice of law by appropriate actions and methods, including the filing of suits in the name of the committee.

TEX.GOV'T CODE ANN. § 81.104(2) (Vernon 1988). This statute is unambiguous. It does not specifically authorize the award of attorneys' fees in this type of lawsuit. When the legislative intent is supposed rather than expressed, and the statute is unambiguous, this Court's duty is to interpret the language of the statute as written. *See State v. Touchy*, 581 S.W.2d 773, 774 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.). Although this Court agrees that attorneys' fees should be provided for under section 81.104(2), we are unwilling to write a provision for attorneys' fees into the language of section 81.104(2) where the legislature has left that provision out of the law. The Committee should seek to have the legislature include a provision for attorneys' fees if the Committee wishes to use attorneys' fees as a deterrent to the unauthorized practice of law. *Id.* at 775. Because the statute does not provide for the award of attorneys' fees for the unauthorized practice of law, we cannot award them in this case. We sustain Fadia's last point of error.

We reverse the trial court's judgment on the award of attorneys' fees to the Committee and affirm the trial court's judgment in all other respects.