TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-97-00254-CV







Julius Drew, Sr., Appellant



v.



Unauthorized Practice of Law Committee, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 95-13424, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING







 Julius Drew, Sr. appeals the injunction and the contempt order rendered against him by the
district court. The injunction barred him from the unauthorized practice of law and the contempt order
punished him for violating the injunction. By eight points of error, Drew challenges the constitutionality of
the supporting statute, the validity of the order, the jurisdiction of the court, and the refusal to appoint him
an attorney. We will affirm the judgment of the district court.


BACKGROUND


 As president of the Civil Rights Review Corporation, Drew investigated reported
deprivations of civil and constitutional rights of criminal defendants. He filed applications for writs of habeas
corpus on behalf of persons who believed they had been denied their rights. The record shows that Drew
is not licensed to practice law in Texas.

 Texas law prohibits unlicensed persons from practicing law without a license. Tex. Gov't
Ann. § 83.001-.006 (West Supp. 1998). As a protection for the public, the Texas Supreme Court
appoints the nine members of the Unauthorized Practice of Law Committee ("the Committee") to
investigate and prosecute persons who practice law without authorization. Code § 81.103-.104 (West
1988 & West Supp. 1998). 

 The Committee filed suit on October 24, 1995 to enjoin Drew and the CRRC from
practicing law without a license. The district court signed a temporary injunction on November 6, 1995. 
Drew removed the action to the federal district court on November 30, 1995. Just less than a month later,
the federal district court remanded the cause and awarded sanctions for the improper removal of the
action. Drew appealed the remand on February 8, 1996. The Fifth Circuit dismissed the appeal on March
27, 1996 for failure to pay the required fee.

 Meanwhile the state district court set the case for trial. The state court signed the final
judgment and permanent injunction on February 21, 1996. The court ordered Drew not to practice law
in any way, specifically prohibiting him from preparing pleadings or writs of habeas corpus for persons with
whom he has no significant relationship. The court also awarded sanctions totaling $550 against Drew and
CRRC and ordered them to pay attorney's fees of $35,703.33 to the Committee.

 Thereafter, the Committee sought relief from Drew's violations of the injunction. The
district court issued a show cause order on November 25, 1996, setting an appearance date of February
18, 1997. On November 26, 1996, Drew filed in federal court a motion for reconsideration of the
removal, a response to the motion to remand, and motion for reconsideration of the federal court's order. 
The federal court signed the denial of the motions on December 12, 1996. On July 25, 1997, the Fifth
Circuit dismissed Drew's appeal of this denial for want of prosecution.

 Meanwhile the state district court proceeded toward its contempt hearing after the federal
district court's denial of the motions. In February 1997, Drew objected to the state court's jurisdiction and
requested that the court appoint him an attorney. At the hearing on February 18, 1997, the court declined
to appoint an attorney because Drew did not present any evidence of his indigence. The court apparently
announced its decision that day, because on February 28 Drew filed a flurry of motions to set aside the
judgment. Among other motions, he requested that the state court set aside the contempt order because
his appeal of the remand was pending before the Fifth Circuit, because he was denied assistance of counsel,
because the judge was biased, and because he was not accorded notice. He also moved to recuse District
Judge John Dietz.

 On March 11, 1997, Judge Dietz signed an order of contempt with suspended order of
confinement. The court found that Drew had engaged in the unauthorized practice of law, wilfully violating
the injunction. The court assessed a six-month period of confinement, but suspended it upon condition that
Drew faithfully comply with the February 21, 1996 final judgment and permanent injunction. Drew filed
his notice of appeal on March 19, 1997. Judge B.B. Schraub heard the motion to recuse on March 21,
1997, and signed an order denying the motion on March 26, 1997.



DISCUSSION


 By eight points of error, Drew attacks the unauthorized practice of law statute, the
injunction, and the failure of the court to appoint an attorney to represent him in the contempt hearing. We
initially note that we may not need to address the merits of any of Drew's asserted errors because they are
either brought through the incorrect procedure or are untimely.

 We will not address the merits of Drew's contentions that the state district court erred by
refusing to hold a hearing to determine Drew's ability to afford an attorney and by refusing to appoint an
attorney to defend him during the contempt hearing. The validity of a contempt judgment can be attacked
only collaterally and by writ of habeas corpus. Ex parte Williams, 690 S.W.2d 243, 244 n.1 (Tex. 1985)
(citing Deramus v. Thornton, 333 S.W.2d 824, 827 (Tex. 1960)). We conclude that the rule extends
to the decisions regarding appointment of an attorney during the contempt hearing as well. We thus cannot
consider on direct appeal the merits of points of error seven and eight.

 The six points of error attacking the permanent injunction appear to be brought too late. 
The former appellate rules permitted perfection of appeal no later than 105 days after judgment. See
former Tex. R. App. P. 41; see also Tex. R. App. P. 26. The perfecting instrument was filed on April 9,
1997, more than 400 days after the court rendered the final judgment and permanent injunction on
February 21, 1996. There does not appear in the record any modification of the permanent injunction
which might give rise to a new appellate timetable. There is, however, in the record a notice of appeal filed
June 4, 1996 (103 days after the judgment) which might have been construed as an erroneous but bona
fide attempt to perfect appeal and from which no appeal apparently resulted. Because a notice of appeal
could now perfect an appeal, we could treat the record and briefs as simply being filed extremely late based
on the original notice of appeal. Because there is a theory on which we may have jurisdiction and because
the Committee has chosen not to challenge the timeliness of the appeal, we will consider the merits of the
first six points of error. 

 Drew contends by his first point of error that the law under which he was sued is
unconstitutionally vague and allows abuse and the deprivation of his First Amendment right to freedom of
speech. He complains that attorneys are charged with implementing the legislation without supervision. 
He also contends that the court deemed him not to be a person.

 The Committee is a statutory creation charged with seeking the elimination of the
unauthorized practice of law. Tex. Gov't Code Ann. § 81.101, et seq. (West 1988 and Supp. 1998). It
has nine members, three of whom must be nonlawyers. Code § 81.103. The statute defines the practice
of law as 


 the preparation of a pleading or other document incident to an action or special proceeding
or the management of the action or proceeding on behalf of a client before a judge in court
as well as a service rendered out of court, including the giving of advice or the rendering
of any service requiring the use of legal skill or knowledge, such as preparing a will,
contract, or other instrument, the legal effect of which under the facts and conclusions
involved must be carefully determined.



Code § 81.101(a). The Code also states that the definition is not exclusive and does not prevent judicial
determination that unenumerated acts constitute the practice of law. Code § 81.101(b). The statute
requires that persons practicing law must be attorneys licensed in Texas or another state, law students, or
former law students. Code § 81.102.

 We conclude that the statute is sufficiently specific as concerns the actions the court
enjoined, including preparation of pleadings, giving legal advice, preparing legal documents, and attempting
to appear before a judge on behalf of another. (1) Though the statute prevents him from acting as the legal
representative of another, it does not prohibit him from speaking out against perceived injustices and
therefore does not impermissibly infringe on his First Amendment rights. Neither does the statute allow
attorneys to implement the law unsupervised. At least three nonlawyers are on the Committee, the
Committee has no power to stop the unauthorized practice of law on its own but must file suit and let a
court determine whether preventive action is appropriate, and the Committee is ultimately subject to sunset
provisions along with the State Bar. Code §§ 81.003 & 81.103(West 1988 & West Supp. 1998).

 We also conclude the state district court did not err by deciding that Drew could not bring
a petition for writ of habeas corpus on behalf of the persons for whom he attempted to bring them. The
state district court did not deem Drew an unperson; it merely held that he could not bring a habeas corpus
petition on behalf of someone with whom he did not have a "significant relationship." The habeas corpus
statute, in isolation, is susceptible to Drew's reading. It provides that "[e]ither the party for whose relief
the writ is intended, or any person for him, may present a petition to the proper authority for the purpose
of obtaining relief." Tex. Code Crim. Proc. Ann. art. 11.12 (West 1977). The succeeding statute states
that "the petition may be signed and presented by any other person." Tex. Code Crim. Proc. Ann. art.
11.13 (West 1977). These provisions must be read in conjunction with the restrictions against nonlawyers
practicing law. Tex. Gov't Code Ann. §§ 81.101-102 (West 1988). Though Drew could sign and present
the petition seeking the freedom of another, he would need the aid of an attorney to draft the documents
and appear in court on behalf of another. See Jimison v. Parker, 957 S.W.2d 860, 861 (Tex.
App.--Amarillo 1997, no writ) ("next friend" not allowed to draft and file pleadings on another's behalf). 
We overrule point of error one.

 By points of error two and six, Drew contends that the state district court erred by signing
the injunction and taking other actions while the cause was removed to the federal system. Both the
injunction and contempt orders were signed after the federal district court had remanded the cause of action
but while Drew's appeals of the remand order and the failure to reconsider the remand were pending at
the Fifth Circuit. Remand orders ordinarily are not reviewable by appeal or otherwise. 28 U.S.C.A. §
1447(d) (1994). Suits with allegations of violations of civil rights are the exception. Id.; see also 28
U.S.C.A. § 1443 (1994). There is, however, no automatic stay pending appeal in the federal system. The
party desiring a stay pending appeal must, if practicable, first request the stay from the district court; if the
request is denied or is not practicable, the party must request the stay from the circuit court of appeals. 
Fed. R. App. P. 8.

 The state district court did not err by proceeding. The record contains no requests for stay
in either the federal district court or federal circuit court of appeals. Drew filed his only request for stay in
the state district court after the contempt hearing but before the court signed the contempt order; the state
district court was not obligated to grant his motion. When the federal district court remanded the cause,
the appeal had no automatic prohibitive effect on subsequent state trial court actions. Even if Drew had
a right to appeal the remand (doubtful, because the federal district court found Drew's claim of civil-rights
jurisdiction "entirely without merit"), his failure to obtain a stay left the state district court free to proceed. 
We overrule points two and six.

 By points of error three through five, Drew contends that the injunction is void. He
contends that it is ambiguous and unclear, contains illegal monetary sanctions, and is incomplete because
the court clerk did not issue a writ of injunction as directed. 

 The record indicates that the clerk did issue the writ. Documents attached to Drew's
motion for an attorney show Drew was personally served with a copy of the permanent injunction on
February 22, 1996 at 3:02 p.m. We overrule point five.

 We conclude that the injunction is not void for ambiguity or lack of clarity. We review an
injunction keeping the following standards in mind:


The injunction must spell out the details of compliance in clear, specific and unambiguous
terms so that such person will readily know exactly what duties or obligations are imposed
upon him. Ex Parte Slavin, 412 S.W.2d 43 (Tex.1967). Interpretation of the provisions
of the court order in question should not rest upon implication or conjecture. The allegedly
contemptuous acts must be directly contrary to the express terms of the court order. Ex
Parte Hodges, 625 S.W.2d 304 (Tex.1981). On the other hand, a court order need not
be "full of superfluous terms and specifications adequate to counter any flight of fancy a
contemner may imagine in order to declare it vague." Ex Parte McManus, 589 S.W.2d
790, 793 (Tex. Civ. App.--Dallas 1979, no writ).



Ex parte Blasingame, 748 S.W.2d 444, 446 (Tex. 1988). The injunction generally tracks the language
of the statute defining the unauthorized practice of law. It then sets out specific actions that Drew cannot
take. We conclude that the injunction sufficiently and clearly informs Drew of the actions he cannot take,
particularly in light of their relation to the activities which prompted the Committee to seek the injunction
and the activities for which he was found in contempt. We overrule point three.

 We also find no error in the award of sanctions and attorney's fees. Drew relies on a case
in which the Fifth District Court of Appeals found that the Committee could not recover attorney's fees. 
Fadia v. Unauthorized Practice of Law Comm., 830 S.W.2d 162, 166 (Tex. App.--Dallas 1992, writ
denied). That court held that Texas Civil Practice and Remedies Code section 81.104(2) (West 1986)
did not authorize the award of attorney's fees. Id. That court did not address regular monetary sanctions
and did not address whether the court could award attorney's fees under the declaratory judgment act,
Texas Civil Practice and Remedies Code section 37.009 (West 1986). We find no prohibition against
monetary sanctions. They are part of the court's inherent power to control the procedure of the cause. 
Drew supplies no argument, authority, or reference to the record to persuade us that the $500 and $50
awards constituted abuse of the trial court's discretion. We also conclude that the declaratory judgment
award authorized the award of attorney's fees. The Committee sought and received a declaration that
Drew participated in the unauthorized practice of law. As a prevailing party in a declaratory judgment
action, the Committee could be awarded attorney's fees. The use of the declaratory judgment act
distinguishes this case from Fadia and supplies the grounds for affirmance. Drew supplies no other
authority, argument, or reference to the record to persuade us that the award of attorney's fees or its
amount was an abuse of discretion. We overrule point of error four.


CONCLUSION


 Because none of the points of error presents a reversible error, we affirm the judgment of
the trial court.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Affirmed

Filed: May 21, 1998

Publish
1. The court orders in the injunction as follows: 


 that Drew be, and hereby is, permanently commanded to desist and refrain from any acts,
conduct or practices that constitute the practice of law, including, without limitation, the
preparation of a pleading, writ of habeas corpus (except by Drew on his own behalf or on
behalf of an individual with a significant relationship to Drew) or other document incident to
an action or special proceeding or the management of the action or proceeding on behalf of
a client before a judge in court as well as a service rendered out of court, including the giving
of advice or the rendering of any service requiring the use of legal skill or knowledge, such
as preparing a will, contract or other instrument, the legal effect of which under the facts and
conclusions involved must be carefully determined.

. . .


 [further] that Drew be, and hereby is, permanently commanded to refrain from seeking to
circumvent the effectiveness of this Judgment in any manner including, without limitation,
providing, performing or attempting to provide or perform the services of a paralegal,
litigation assistant, or any legal assistant of any type, except only under the following
conditions: (A) that Drew's supervising lawyer have ultimate and direct supervisory authority
over Drew, specifically delegate and directly supervise all work delegated to Drew, have
complete professional responsibility for work performed by Drew, and maintain primary
contact and a direct relationship with any client; (B) that Drew refrain from engaging in any
act which would constitute the unauthorized practice of law, including, without limitation,
setting fees, giving legal opinions or representing any client before a court or agency; and (C)
that Drew disclose his status as a non-lawyer at the outset of any relationship with a client,
attorney, court or agency.



tivities which prompted the Committee to seek the injunction
and the activities for which he was found in contempt. We overrule point three.

 We also find no error in the award of sanctions and attorney's fees. Drew relies on a case
in which the Fifth District Court of Appeals found that the Committee could not recover attorney's fees. 
Fadia v. Unauthorized Practice of Law Comm., 830 S.W.2d 162, 166 (Tex. App.--Dallas 1992, writ
denied). That court held that Texas Civil Practice and Remedies Code section 81.104(2) (West 1986)
did not authorize the award of attorney's fees. Id. That court did not address regular monetary sanctions
and did not address whether the court could award attorney's fees under the declaratory judgment act,
Texas Civil Practice and Remedies Code section 37.009 (West 1986). We find no prohibition against
monetary sanctions. They are part of the court's inherent power to control the procedure of the cause. 
Drew supplies no argument, authority, or reference to the record to persuade us that the $500 and $50
awards constituted abuse of the trial court's discretion. We also conclude that the declaratory judgment
award authorized the award of attorney's fees. The Committee sought and received a declaration that
Drew participated in the unauthorized practice of law. As a prevailing party in a declaratory judgment
action, the Committee could be awarded attorney's fees. The use of the declaratory judgment act
distinguishes this case from Fadia and supplies the grounds for affirmance. Drew supplies no other
authority, argument, or reference to the record to persuade us that the award of attorney's fees or its
amount was an abuse of discretion. We overrule point of error four.


CONCLUSION


 Because none of the points of error presents