**Johanna OLSON, Appellant,**

**v.**

**In the Matter of the ESTATE OF Hope S. WATSON, a/k/a Hope B. Watson, Deceased, Appellee.**

**No. 08–00–00488–CV.**

Court of Appeals of Texas, El Paso.

June 21, 2001.

---

**12.** *See id.* § 5(b).

**13.** Tex.R.App. P. 47.1.

Heather A. Ronconi, El Paso, for appellant.

Sanford C. Cox, Jr., El Paso, for appellee.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

## OPINION

LARSEN, Justice.

In this probate case, Johanna T.W. Olson appeals from the trial court's order granting Robert C. Watson's motion for summary judgment. Specifically, the trial court stated in its Order that there was no genuine issue of material fact with regard to Paragraph Second in Hope S. Watson's will, declaring that paragraph void as a

matter of public policy because it devised her entire estate to the lawyer who prepared the will, William F. Olson, his wife, Johanna Olson, and their descendants. For the following reasons, we affirm.

### FACTS

William Olson was an attorney licensed to practice in Texas.[1] He and his wife met Hope Watson in 1991 while she was a resident of Coronado Nursing Home in El Paso, Texas. On May 8 of that year, the Olsons entered into a contract with Ms. Watson entitled "Agreement to Make Will" in which the Olsons agreed to move into the house, pay property taxes, and make improvements in exchange for a fee simple interest in the house upon Ms. Watson's death. Under the agreement, Ms. Watson was free to live in the house with the Olsons for the remainder of her life. Ms. Watson signed the Agreement on June 12, 1991.

The same day that she signed the agreement with the Olsons, Ms. Watson also signed a will prepared by Mr. Olson. Paragraph Second of the will devised to the Olsons all of Ms. Watson's real and personal property should she predecease the couple. If the Olsons predeceased Ms. Watson, then the Olsons' descendants would take under the will. The third and fourth paragraphs appointed Mr. Olson, or Mrs. Olson in the alternative, to act as personal representative of her estate. The fifth paragraph expressly provided that her only child, Robert Watson, would receive nothing under the will.

After the documents were signed, the Olsons made repairs on the house and moved into it in November 1991. Ms. Olson began to make arrangements to have Ms. Watson return to her home; however, Ms. Watson became ill in January 1992 and was hospitalized until her death. Ms. Olson, acting as personal representative of the estate after Mr. Olson waived his right to act as personal representative, filed an application for the probate of the will. Robert Watson filed an opposition to Ms. Olson's application.

Watson filed a motion for summary judgment on the grounds that Paragraph Second of the will violated Rule 1.08(b) of the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas because that provision gave a substantial testamentary gift to the attorney who drafted the will and that attorney's family. On September 15, 2000, the trial court held a hearing on this motion and entered an order granting summary judgment in favor of Watson, expressly finding that Paragraph Second of the will was void as a matter of public policy because it gave the lawyer who drafted the will a "substantial gift." It is from this summary judgment order that Olson now appeals.

In her sole issue, Olson contends that the trial court erred in granting summary judgment because genuine issues of material fact exist as to whether the rules of professional responsibility are applicable in this case because: (1) the question remains whether an attorney/client relationship ever existed between Mr. Olson and Ms. Watson; and (2) the question remains whether the transfer of property was a

---

1. On October 9, 1995, this Court entered its mandate in *William F. Olson v. Commission for Lawyer Discipline*, 901 S.W.2d 520 (Tex. App.—El Paso 1995), dismissing Olson's appeal as moot because Mr. Olson had died. In that case, the trial court granted summary judgment in favor of the Commission for Lawyer Discipline, finding that the proper discipline for violating Rules 1.08(a) and 1.08(b) of the Texas Disciplinary Rules of Professional Conduct was five years suspension from the practice of law, the last four years of which were probated. The subject matter of the disciplinary proceeding was, as it is here, the transfer of Ms. Watson's home to the Olsons.

substantial gift under the will or a debt evidenced by a contract to devise, supported by consideration.

## STANDARD OF REVIEW

In a traditional summary judgment proceeding, the standard of review on appeal is whether the successful movant at the trial level carried the burden of showing that there is no genuine issue of material fact and that judgment should be granted as a matter of law.[2] Thus, the question on appeal is not whether the summary judgment proof raises fact issues as to required elements of the movant's cause or claim, but whether the summary judgment proof establishes, as a matter of law, that there is no genuine issue of material fact as to one or more elements of the movant's cause or claim.[3] In resolving the issue of whether the movant has carried this burden, all evidence favorable to the non-movant must be taken as true and all reasonable inferences, including any doubts, must be resolved in the non-movant's favor.[4]

## Attorney–Client Relationship

Olson contends that Watson failed to prove as a matter of law that an attorney-client relationship existed between Mr. Olson and Ms. Watson. We disagree.

█ There is no dispute that Mr. Olson was an attorney licensed to practice law within Texas at the time that he drafted the agreement and the will for Ms. Wat-

son, to whom he was not related. The only dispute is whether Mr. Olson was acting as Ms. Watson's attorney at the time he drafted the will and contract. Notwithstanding Olson's assertions that he was not acting in any such legal capacity when he drafted these documents, we conclude that, as a matter of law, he was.

█ A will secures legal rights and involves the giving of advice that requires the use of legal skill or knowledge, the preparation of which necessarily involves the practice of law.[5] At least one court has stated that "[n]o phase of law requires a more profound learning on the subject of trusts, powers, taxation law, legal and equitable estates, and perpetuities than preparing a will."[6] Only licensed persons trained in such complex legal subjects can perform these duties for someone else.[7] Further, it has been stated that the preparation of legal instruments of *all* kinds and *all* advice to clients involve the practice of law,[8] which would necessarily include the preparation of the will and the contract in dispute in the present case. Therefore, any argument that Mr. Olson was wearing his "friend hat" rather than his "attorney hat" when he drafted these documents fails as a matter of law.

Because we find that an attorney/client relationship existed in the present case, Rule 1.08(b) is applicable. Therefore, we must now determine whether Mr. Olson violated that Rule by devising to himself and his family a substantial gift.

2. See *Wyatt v. Longoria*, 33 S.W.3d 26, 31 (Tex.App.—El Paso 2000, no pet.).

3. See *id.*

4. See *id.*

5. See *Fadia v. Unauthorized Practice of Law Comm.*, 830 S.W.2d 162, 164 (Tex.App.—Dallas 1992, writ denied); *Palmer v. Unauthorized Practice Committee of State Bar of Tex.*, 438 S.W.2d 374, 376 (Tex.Civ.App.—Houston [14th Dist.] 1969, no writ).

6. See *Fadia*, 830 S.W.2d at 164.

7. See *id.*

8. See *Palmer*, 438 S.W.2d at 376 (emphasis added); *see also McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787, 795 (Tex.1999) (holding that nonclient could sue attorney for negligent misrepresentation without regard to nonclient's lack of privity with attorney).

## "Substantial Gift" v. Debt Under "Contract to Devise"

Olson contends that the trial court erred in granting summary judgment because the transfer of property was not a "gift"; rather, it was a reflection of a debt owed as evidenced by the "Agreement to Make Will" contract.

The summary judgment order expressly recited that there was no genuine issue of material fact that Paragraph Second of the *will* was "void as a matter of public policy of the State of Texas by giving the lawyer who prepared such instrument, and his spouse and children a substantial gift and that Summary Judgment should be rendered in regard to said PARAGRAPH SECOND being void." The summary judgment order did not mention the Agreement at all. The only stated ground for summary judgment was Rule 1.08(b) of the Texas Rules of Professional Conduct, which provides as follows:

> A lawyer shall not prepare an instrument giving the lawyer or a person related to the lawyer as a parent, child, sibling, or spouse any substantial gift from a client, including a testamentary gift, except where the client is related to the donee.[9]

■ Under Section 59A of the Texas Probate Code, "[a] contract to make a will or devise ... can be established only by provisions of a *will* stating that a contract does exist and stating the material provisions of the contract."[10] Because nowhere in Ms. Watson's will did she state that the Agreement existed, no contract to make a will or devise was established.[11] Therefore, we conclude that the trial court's summary judgment order addressing only the will's validity was proper.

The second paragraph of Ms. Watson's will reads:

> SECOND: That upon my demise, I hereby give, devise and bequeath all of my estate, real, personal or mixed, of whatsoever character and wheresoever situated of which I may die seized or possessed or of which I shall be entitled to dispose of by will at the time of my death, as follows:
>
> I devise to William F. Olson and Johanna T.W. Olson my real property located at 100 Clairemont Drive, El Paso, Texas 79912. . . .
>
> . . .
>
> This foregoing property is owned completely by me, and I have made no conveyance of it heretofore although I have granted the use of it as caretakers, for my lifetime, to the said William F. Olson and Johanna T.W. Olson.
>
> I bequeath to William F. Olson and Johanna T.W. Olson all my personal

---

9. TEX. DISCIPLINARY R. PROF'L CONDUCT 1.08 (1991), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 1998) (TEX. STATE BAR R. art. X, § 9).

10. *See* TEX. PROB.CODE ANN. § 59A (Vernon 1980) (emphasis added).

11. Even if the will had established the existence of the parties' Agreement, such a contract, when it is drafted by that same attorney, would have to be carefully scrutinized so as to prevent an attorney from sidestepping Rule 1.08(b) by entering into a contract to achieve the very end that this rule prohibits. For wills executed on or after September 1, 1997, one merely has to look to Section 58b of the Texas Probate Code, which states that "[a] devise or bequest of property in a will to an attorney who prepares or supervises the preparation of the will or a devise or bequest of property in a will to an heir or employee of the attorney who prepares or supervises the preparation of the will is void [unless the bequest is] ... made to a person who is related within the second degree by consanguinity or affinity to the testator ... [or] to a bona fide purchaser for value from a devisee in a will." *See* TEX. PROB.CODE ANN. § 58b (Vernon Supp.2001).

property wheresoever situated, knowing that they will abide by any instructions I shall give to them prior to my demise, with full understanding of the precatory nature of this direction.

If either or both William F. Olson or Johanna T.W. Olson should predecease me, then alternatively I devise the interest that each or both would receive under this will to his, her or their descendants, share and share alike.

■ A gift is defined as a transfer of property made voluntarily and gratuitously, without consideration.[12] The burden of proving a gift is on the party claiming the gift was made.[13] Clearly, Paragraph Second of the will granted Mr. Olson and his family a gift from Ms. Watson. Her will makes no mention of any consideration given in exchange for the transfer of her property.

In determining whether the gift was substantial, we look to the commentary following Rule 1.08(b). Comment number three states that a lawyer may accept a gift from a client if the transaction meets general standards of fairness, such as a gift given at a holiday or as a token of appreciation.[14] Paragraph Second effectually devises the entirety of Ms. Watson's estate, which consisted of both her real and personal property, to the Olsons and their descendants. This property included

her home. Undoubtedly, devising her entire estate was a substantial gift, much greater than granting a mere holiday gift or token of appreciation.[15]

The commentary also states that "[i]f effectuation of a substantial gift requires preparing a legal instrument such as a will or conveyance, however, the client should have the detached advice that another lawyer can provide."[16] Here, there is no evidence that Mr. Watson advised Ms. Olson to seek the detached advice of independent counsel. To the contrary, the record shows that the agreement and the will were executed together, at a time when the lawyer's elderly client lived in a nursing home.

We find that the Olsons' acceptance of such a substantial gift from Ms. Watson did not meet general standards of fairness as a matter of law. There is no genuine issue of material fact that remains with regard to whether Mr. Olson violated Rule 1.08(b) when he drafted his client's will. The trial court did not err in granting summary judgment. The sole issue is overruled.

### CONCLUSION

We affirm.

---

12. *See Rusk v. Rusk,* 5 S.W.3d 299, 303 (Tex. App.—Houston [14th Dist.] 1999, pet. denied).

13. *See id.*

14. *See* Tex. Disciplinary R. Prof'l Conduct 1.08 cmt. 3.

15. *See Shields v. Texas Scottish Rite Hosp. for Crippled Children,* 11 S.W.3d 457, 460 (Tex. App.—Eastland 2000, pet. denied) (holding that gift of over $2,000,000 in stocks, bonds, cash, and bank accounts constituted substantial gift as matter of law). As noted in foot-

note 11, Texas Probate Code Section 58b now provides that a devise or bequest of property in a will to an attorney who prepared the will is void unless the attorney is related to the testator, regardless of whether the gift is "substantial." This section, however, does not apply to the Watson will because Section 58b applies only to wills executed on or after September 1, 1997, and Ms. Watson executed her will in 1991. *See id.* at 459 (citing Tex. Prob.Code Ann. § 58b (Vernon Supp.2000)).

16. *See* Tex. Disciplinary R. Prof'l Conduct 1.08 cmt. 3.