TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00463-CV






David Holubec and Mary Holubec, Appellants


v.


Carl Brandenberger, Individually and as Next Friend of Payton Brandenberger,

Carson Brandenberger, and McKenna Brandenberger; Kathy Brandenberger;

and First Mason II, Ltd., Appellees






FROM THE DISTRICT COURT OF MCCULLOCH COUNTY, 198TH JUDICIAL DISTRICT

NO. 1998084, HONORABLE EMIL KARL PROHL, JUDGE PRESIDING





C O N C U R R I N G O P I N I O N


 While I agree with the majority's holding that the injunction at issue in this case is
not overly broad, I write separately to note that I do not join in the majority's discussion of the
trial court's factual determination, or lack thereof, regarding the level of pre-November 1996
sheep farming. Because our holding regarding the breadth of the injunction necessarily disposes of
this appeal, I would not further address the issue of whether the trial court resolved conflicting
evidence in favor of the Brandenbergers.

 Setting aside the fact that we need not address this issue, I also decline to join the
majority's discussion because I consider the terms of the injunction requiring the Holubecs to:


1. Move all feeders in the approximately Ten (10) acre feedlot adjacent to
Plaintiffs' Land to the locations they occupied prior to November, 1996 and
limit the number of feeders to that existing prior to November, 1996;


2. Remove all sheds and water troughs, that did not exist prior to November
1996, from the pens in the approximately Ten (10) acre feedlot adjacent to
Plaintiffs' Land;


[and]


3. Remove the wire fencing and feedlot pens that did not exist prior to
November, 1996, in the approximately Ten (10) acre feedlot adjacent to
Plaintiffs' land;



to be sufficiently clear, specific, and unambiguous to apprise the Holubecs of the actions required of
them. See Ex parte Hudson, 917 S.W.2d 24, 26 (Tex. 1996) (holding that injunction requiring party
to maintain land "in a sightly condition" was sufficiently specific to apprise party of actions required
of him); Drew v. Unauthorized Practice of Law Comm'n, 970 S.W.2d 152, 156 (Tex. App.--Austin
1998, pet. denied) (holding that injunction was not void for ambiguity where it "sufficiently and
clearly informs" party of actions he cannot take).



 ___________________________________________

 Diane M. Henson, Justice

Before Justices Puryear, Waldrop and Henson

Filed: December 31, 2009