# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00463-CV

**David Holubec and Mary Holubec, Appellants**

**v.**

**Carl Brandenberger, Individually and as Next Friend of Payton Brandenberger,
Carson Brandenberger, and McKenna Brandenberger; Kathy Brandenberger;
and First Mason II, Ltd., Appellees**

**FROM THE DISTRICT COURT OF MCCULLOCH COUNTY, 198TH JUDICIAL DISTRICT
NO. 1998084, HONORABLE EMIL KARL PROHL, JUDGE PRESIDING**

## C O N C U R R I N G   O P I N I O N

While I agree with the majority's holding that the injunction at issue in this case is not overly broad, I write separately to note that I do not join in the majority's discussion of the trial court's factual determination, or lack thereof, regarding the level of pre-November 1996 sheep farming. Because our holding regarding the breadth of the injunction necessarily disposes of this appeal, I would not further address the issue of whether the trial court resolved conflicting evidence in favor of the Brandenbergers.

Setting aside the fact that we need not address this issue, I also decline to join the majority's discussion because I consider the terms of the injunction requiring the Holubecs to:

1. Move all feeders in the approximately Ten (10) acre feedlot adjacent to Plaintiffs' Land to the locations they occupied prior to November, 1996 and limit the number of feeders to that existing prior to November, 1996;

2. Remove all sheds and water troughs, that did not exist prior to November 1996, from the pens in the approximately Ten (10) acre feedlot adjacent to Plaintiffs' Land;

[and]

3. Remove the wire fencing and feedlot pens that did not exist prior to November, 1996, in the approximately Ten (10) acre feedlot adjacent to Plaintiffs' land;

to be sufficiently clear, specific, and unambiguous to apprise the Holubecs of the actions required of them. *See Ex parte Hudson*, 917 S.W.2d 24, 26 (Tex. 1996) (holding that injunction requiring party to maintain land "in a sightly condition" was sufficiently specific to apprise party of actions required of him); *Drew v. Unauthorized Practice of Law Comm'n*, 970 S.W.2d 152, 156 (Tex. App.—Austin 1998, pet. denied) (holding that injunction was not void for ambiguity where it "sufficiently and clearly informs" party of actions he cannot take).

_____

Diane M. Henson, Justice

Before Justices Puryear, Waldrop and Henson

Filed: December 31, 2009

2