**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-10508
Summary Calendar

HAO LIU

Plaintiff-Appellant

v.

PLANO MEDICAL CENTER

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CV-172

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Hao Liu appeals from the dismissal of his action against Plano Medical Center (PMC) brought pursuant to 42 U.S.C. § 1395dd and 5 U.S.C. § 552a. Liu contends that the district court had subject-matter jurisdiction over his claims under 28 U.S.C. §§ 1295 and 1296 (the statutes governing the jurisdiction of the Court of Appeals for the Federal Circuit), under 42 U.S.C. § 1983, under § 1395dd, and under § 552a. *Id.* at 25-31. Liu's reply brief appears to invoke 28 U.S.C. § 1367 as an additional jurisdictional basis. He also appears to argue

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that PMC was precluded from raising any legal arguments in the district court because it acted in bad faith.

Liu discusses Yao Zhong Liu's medical records in great detail, and he argues that PMC was negligent in treating Yao Zhong Liu.  The only statutory basis for jurisdiction cited by Liu that conceivably could bestow jurisdiction on the district court, § 1395dd, is not a general federal malpractice statute.  *See Marshall v. East Carroll Parish Hosp. Serv. Dist.,* 134 F.3d 319, 321-23 (5th Cir. 1998).  None of Liu's allegations fall within the scope of § 1395dd, and the district court did not err by dismissing his negligence claim for lack of subject-matter jurisdiction.  *See* FED. R. CIV. P. 12(b)(1); *Lane v. Halliburton,* 529 F.3d 548, 557 (5th Cir. 2008).  Liu has failed to brief his remaining contentions and this court need not consider them.  *See Yohey v. Collins,* 985 F.2d 222, 225 (5th Cir. 1993).

Liu was sanctioned by the district court for practicing law without a licence.  Liu does not challenge the district court's factual finding that he is not an attorney; rather, he holds himself out to be an attorney.  Liu is warned that any false representations in the future that he is an attorney will result in sanctions against him.  Moreover, Liu should be mindful that the unauthorized practice of law is prohibited in Texas and may be prosecuted as a criminal offense in state court.  *See Unauthorized Practice of Law Comm. v. American Home Assurance Co.,* 261 S.W.3d 24, 35-36, 44-45  (Tex. 2008); *Drew v. Unauthorized Practice of Law Comm.,* 970 S.W.2d 152, 155-56 (Tex. App. 1998).

AFFIRMED.  SANCTION WARNING ISSUED.